Grafton, }
Dec., 1897. }

PALMER, *Adm'r, v.* BASS.

An administrator who makes the party adverse to him a witness in respect to facts which occurred in the lifetime of the deceased may be called and examined generally by such adverse party.

ASSUMPSIT, by an administrator, to recover upon promissory notes payable to his intestate.  Trial before a referee.  The administrator did not elect to testify to any facts occurring in the lifetime of the deceased.  Subject to the defendant's exception, the defendant was called as a witness by the administrator and compelled so to testify.

*William F. Westgate* and *Samuel B. Page*, for the plaintiff.

*Bingham, Mitchell & Batchellor* and *Chapman & Lang*, for the defendant.

PARSONS, J.  " Where one party to a cause is an . . . administrator . . . neither party shall testify in respect to facts which occurred in the lifetime of the deceased . . . unless the . . . administrator . . . elects so to testify."  P. S., *c.* 224, *s.* 16.  If in such cases the administrator elects to testify in respect to the excepted facts, it is clear that both parties are competent witnesses and neither party is excused or excluded as a witness to any relevant fact.  This is not questioned, but the defendant claims that the administrator could not, without making himself a witness thereto, compel the party adverse to him to testify in respect to the facts excepted by the statute.  Whether this claim can be sustained is not now decided, since the contention, if sound in law, would not sustain the defendant's exception.  For if it be conceded that under the statute the administrator could not, without making himself a witness as to the same matters,

compel the defendant to testify in respect to facts which occurred in the lifetime of the deceased, his requirement of such testimony of the defendant would be a waiver of his right of objection to being himself made a witness by the defendant if he had such right.    Such a waiver would be an election by the administrator to testify, within the meaning of the statute.    If the administrator had not the right to require the defendant's testimony unless himself willing to testify, his insistence upon such testimony was an announcement of his own willingness to testify, and he could not object if called by his opponent.    The finding of fact in the case that the administrator did not elect to testify cannot overcome or control the legal effect of what he did.

The immateriality or incompetency on other grounds of any testimony which the administrator might be able to give could not deprive him of his power of election, if such election is necessary to entitle him to examine the defendant.

It does not appear that the administrator refused to submit to cross-examination, or that the defendant desired to examine him.

*Case discharged.*

All concurred, CARPENTER, C. J., expressing the opinion that either party could compel the other to testify.