Grafton,  }
May 7, 1912. }

### CLARK, *Ap't*, *v.* CLARK, *Adm'r.*

The taking of the deposition of the adverse party by a defendant administrator is an election on his part to testify generally and renders the plaintiff a competent witness in his own behalf at the trial; and this result is not affected by a prior agreement between the parties that the deposition is not to be filed, as required by section 11, chapter 225, Public Statutes.

PROBATE APPEAL, from the disallowance of a claim against the decedent's estate.   After the appeal was taken the defendant sum-

moned the plaintiff to give his deposition. Before it was taken counsel agreed to waive the defendant's obligation to file the deposition, as required by section 11, chapter 225, Public Statutes. The defendant intended to avoid the right of the plaintiff to use the deposition at the trial by means of this agreement, but the plaintiff had no such understanding. At the trial the defendant did not elect to become a witness. The plaintiff was excluded from testifying generally and excepted. Transferred from the May term, 1911, of the superior court by *Mitchell*, J.

*Alvin F. Wentworth*, for the plaintiff.

*Edward J. Cummings*, for the defendant.

PEASLEE, J. By taking the plaintiff's deposition, the defendant made the plaintiff a witness in the case. A person giving a deposition is a witness, and his answers to the questions put to him are testimony. The act of the administrator in thus calling the adverse party to testify in the cause was an election on his part to testify generally. The finding in the case that there was no such election at the time of the trial is a conclusion of law and not controlling here. *Palmer* v. *Bass*, 69 N. H. 300. Having so elected, he could not withdraw his election to the manifest detriment of his opponent.

The agreement made by counsel before the deposition was taken does not affect the result. It merely relieved the administrator from the duty to file the deposition at once. P. S., c. 225, s. 11. It did not take from the deposition its character as evidence, but merely left it to be dealt with like a deposition of one not a party.

The understanding of the administrator's counsel, that by this agreement he had avoided the usual legal consequences of calling the adverse party as a witness, is immaterial. The opposing counsel had no such understanding, and the agreement of the parties does not go to such an extent. The plaintiff was a competent witness for himself at the trial.

*Exception sustained.*

All concurred.