MARWELL CONSTRUCTION COMPANY *vs.* MAYOR AND BOARD OF ALDERMEN OF THE CITY OF PROVIDENCE.

JULY 20, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   The record herein shows that on September 17, 1936, the board of aldermen of the city of Providence, acting under the provisions of public laws 1917, chapter 1549, decreed and ordered that the portion of Alvin street in said city, extending from Downing street to Reservoir avenue, be established as a public highway.  At the same time the board also made other orders concerning such portion of Alvin street, but the appellant herein principally contends that, as an interested person, it is aggrieved by the passage of the decree and order specifically referred to above.

From the entry of the above decree and order the appellant, in accordance with the provisions of sec. 2 of chap. 1549, *supra,* appealed to the superior court.  The matter was heard in that court by a justice thereof sitting without a jury, and he rendered a decision denying and dismissing the appeal and confirming the decree and order of the said board of aldermen of the city of Providence, as above set out.  To such decision the appellant thereupon prosecuted to this court its bill of exceptions, which is now before us.

At the hearing in this court the appellee moved that the bill of exceptions be dismissed on the ground that the appellant did not have any interest in the land involved herein. It has been made to appear, however, that the appellant was the record owner in fee on September 17, 1936, of the property in question and, since October 5, 1936, has had title thereto under an unrecorded quitclaim deed. In view of these facts, we are of the opinion that the appellant has an interest in such land, and the appellee's motion to dismiss the bill of excptions is denied.

Section 1 of chap. 1549, *supra,* provides in part as follows: "Whenever the city council of the City of Providence shall request the board of aldermen of said city to establish as a public highway any land which has been surveyed and platted as a street or highway or part thereof, and the plat thereof recorded in the land records of said city, it shall be lawful for said board of aldermen to proceed and cause notice to be given to all owners of land abutting on such street or highway or part thereof to appear before them if they see fit at a time to be fixed in such notice, and be heard for and against establishing such street or highway or part thereof as a public highway."

Section 2 of said chapter contains this language: "The board of aldermen of said city after hearing the persons appearing to be heard may by its order or decree establish such street or highway or part thereof as a public highway . . . ." And then as to an appeal to the superior court reads "that any interested person aggrieved thereby may appeal therefrom to the Superior Court in the manner provided and required in sections 11 and 12 of Chapter 82 of the General Laws. On such appeal, if it is determined that the land included in such platted street or highway or part thereof was duly dedicated by the owners thereof as and for a public highway by the making of and recording of such plat, and continued to be so dedicated that said city by the establishment of such public highway would

not be liable for any damages thereof, such order or decree of said board of aldermen shall be confirmed, or if it is determined otherwise shall be reversed, by decree of said court, and if confirmed the appellant shall pay said city's costs, and if reversed said city shall pay the appellant's costs and said court shall enter judgment and issue execution therefor."

Two questions were presented to the justice of the superior court for his determination, and are now argued before us in the present proceedings. The first is whether or not the land included in the platted street in question was duly dedicated by the owner thereof as and for a public highway by the making and recording of a plat, and the second is whether or not it continued to be so dedicated up to the time the board of aldermen acted under the provisions of chap. 1549, *supra*. It is agreed by the parties herein that the city of Providence took all the necessary and proper procedural steps under chap. 1549, *supra*, in connection with establishing the land in question as a public highway.

It appears from the evidence that the owners of a large tract of land near Reservoir and Adelaide avenues in the western part of the city of Providence in 1889 platted said land into lots, and laid out and designated on said plat several named streets. This plat was duly recorded in the records of land evidence in Providence in 1890. On said plat one of the streets, running in a generally easterly and westerly direction, was designated as Albert street. It is not disputed that this street, between Downing and Crescent streets, was some considerable time ago duly accepted by the city as a public highway, and has been graded, improved and curbed. In 1915 its name was changed by the city from Albert street to Alvin street, and we will so refer to it in this opinion. The extreme easterly portion of this street, as delineated on the plat between Downing street and Reservoir avenue, is the land involved in the present case. This portion of Alvin street is short and, as so delineated, enters

Reservoir avenue from the west, at an acute angle on the southerly line of said Alvin street. A small triangular-shaped piece of land is thus shown on the plat, bounding westerly on Downing street, northerly on the short easterly part of Alvin street and southeasterly on Reservoir avenue, which at this point runs in a northeasterly and southwesterly direction.

As delineated on the plat, Alvin street is open as one continuous street for its entire length from Reservoir avenue to Crescent street, and the portion involved in the instant case is open on the plat where it joins with Reservoir avenue and with Downing street, there being no lines to shut off said portion. Also, on said plat appears a parcel of land immediately north of the part of Alvin street in dispute, which parcel bounds westerly on Downing street, northerly on Adelaide avenue, and is marked on said plat "undivided", the first two letters of which word are written on the plat on that part of Alvin street now in question. Further, the evidence in the case shows that practically all the lots delineated on the plat have been sold and have houses built upon them, and that the other streets appearing on said plat have heretofore been established as public highways and improved.

According to the evidence, the appellant purchased the tract of land marked on said plat "undivided", the small triangular parcel of land hereinbefore referred to and the portion of Alvin street involved herein and lying between the two pieces of land just mentioned, by a deed dated July 9, 1934, executed by one Bullock and wife, relatives of the owner who platted the property. At the time of this purchase the property conveyed by the above deed was unimproved. The portion of Alvin street in question, part of the parcel lying just northerly of it and the triangular-shaped tract of land were in a kind of valley or gully varying in depth from five to thirty feet. This gully was overgrown with underbrush and trees, some of which were eigh-

teen feet in diameter and forty feet high. Also, at the point where Alvin street was delineated on the plat as connecting with Reservoir avenue there was a cobblestone curb beyond the sidewalk and a wooden fence on the property line. On Downing street the easterly curb ran northerly from Reservoir avenue in a solid line without any opening past the point where the easterly portion of Alvin street was shown on the plat.

After the appellant purchased the property described in its deed it cleared the land of trees and underbrush and filled it in to a considerable extent. A part of the property bounding on Reservoir avenue was taken by the city by condemnation when that street was widened at that point in connection with the erection of a new highway bridge over the railroad right-of-way just east of the property in question. Also, in carrying out this improvement the railroad company purchased from the appellant a small piece of land. Later the appellant sold what remained of the triangular-shaped tract and also the remainder of the land, but took back a deed of the portion of Alvin street involved herein.

In substance, the appellant contends that the part of Alvin street in dispute was never duly dedicated for highway purposes, and that if it was so dedicated, it did not continue to be dedicated up to the time the city acted on September 17, 1936, but that any such dedication was revoked before that date, particularly by the deed from the Bullocks to the appellant. On the issues raised by these contentions the appellee takes a position directly contrary to that urged by the appellant.

Upon consideration, we are of the opinion that the appellant's claim, that there was no dedication for highway purposes of the part of Alvin street in question, cannot be sustained. We find that it was the evident intent of the owners of the large tract of land, when in 1889 they platted it into lots and streets and in 1890 recorded that plat and thereafter sold lots upon the plat for residence purposes,

to make an offer of dedication for highway purposes of the portions of the tract which were delineated upon the plat as streets. In so acting the owners of the property adopted one of the ordinary and recognized methods of indicating their intent to dedicate land for highway purposes. Such a common-law dedication is usually held to operate by way of an estoppel in *pais.* See *Clark* v. *City of Providence,* 10 R. I. 437; *Chapin* v. *Brown,* 15 R. I. 579; *Baker* v. *Barry,* 22 R. I. 471; *Brown* v. *Curran,* 83 A. 515 (R. I.).

The appellant argues that the placing of the word "undivided" on the plat, as hereinbefore described, revealed an intent not to dedicate for highway purposes the portion of Alvin street in question. We are unable to agree with this claim of the appellant. Alvin street, as delineated on the plat, is open as one continuous street from Reservoir avenue to Crescent street. In no respect does it differ from any other street shown on the plat. In our judgment, the configuration of the land east of Downing street, as heretofore set out, undoubtedly is the explanation for the use of the word "undivided" on the plat. The word "reserved", as used on the plat appearing in *Swanson* v. *Gillan,* 54 R. I. 382, has such a different meaning from the word "undivided", appearing on the plat in the present case, that such case, cited to us by the appellant, is not in point herein.

The filing of the plat, in evidence, with streets thereon and the selling of land thereby, amounts, as far as the public is concerned, to an incipient dedication. *Brown* v. *Curran, supra.* It is well settled that to complete such a dedication, and to establish a street so dedicated on a plat as a public highway, there must not only be on the part of the landowner the intent to dedicate, but also an acceptance of the dedication on the part of the public. *Remington* v. *Millerd,* 1 R. I. 93. The appellant maintains, in substance, that user by the public is the only proper method of acceptance of such an offer of dedication, and that, as no such user has been shown by the evidence herein, therefore, even if an

offer to dedicate the portion of Alvin street in question for highway purposes is assumed, such offer has never been accepted by the public. It is admitted that Alvin street, between Reservoir avenue and Downing street, has never been used for highway purposes.

In our opinion, however, the above contention made by the appellant is not correct. While user by the public is an ordinary and common method by which acceptance of an intent to dedicate is shown, nevertheless it is clear that it is not the only method which can be employed. In *Remington* v. *Millerd, supra,* the court, in discussing the powers and acts of a town council in connection with the acceptance of a certain way, implied that the necessary authority might be conferred by a statute. Also, in *Brown* v. *Curran, supra,* we find the following language at page 518: ". . . nevertheless the public acquires no rights in such streets until there has been sufficient acceptance thereof either by user or by action of the public authorities."

It is our opinion that chap. 1549, *supra,* confers upon the board of aldermen of the city of Providence statutory authority to accept for the public any offer of dedication of land for highway purposes, made in the manner provided for in the statute, by establishing such land as a public highway, provided the provisions of the statute are complied with. The words "duly dedicated", as used in sec. 2 of chap. 1549, *supra,* obviously refer to the offer of the landowner to dedicate, which offer is shown by his act in making and recording a plat; the words "continued to be so dedicated, as used, mean the continuation of that offer without a valid revocation thereof before the acceptance of such offer.

We find, therefore, that the making of the decree and order in question by the board of aldermen of· Providence on September 17, 1936, under the provision of chap. 1549, *supra,* constituted a good and sufficient acceptance of the offer to dedicate for highway purposes the land in dispute in the present case, which intent was shown by the making and

recording of the plat hereinbefore referred to. In our judgment, the construction of the statute urged upon us by the appellant, namely, that the board of aldermen can act thereunder only in case it appears that the highway in question has been accepted by the public by user, is not warranted. As to when it is necessary that an incipient dedication be accepted, this court held in *Simmons* v. *Cornell,* 1 R. I. 519 at page 523: "It cannot be material how long the acceptance is postponed, so long as the gift continues and the tender is not withdrawn by the owner of the fee before an actual acceptance."

Having decided in the present case that the record discloses an intent and offer to dedicate the property in dispute for highway purposes, and that such offer of dedication has been duly accepted in the public interest under the statute in question, it remains to be determined whether or not the offer to dedicate continued up to the time of such acceptance. In 1 Elliott on Roads and Streets (4th ed.), 151, the author states: "An owner who makes a plat on which spaces are left indicating the dedication of roads or streets, and sells lots with reference to the plat, can not recall his dedication, for he leaves the streets to be opened by the proper local authorities at such a time as the public interest may require, and of this the local authorities are the judges. It is for them to determine when the public interests demand that the ways as laid out on the plat shall be taken in charge and improved for public use, but the ways as to those who have purchased lots exist from the time of their purchase." To the same effect is *Brown* v. *Curran, supra.*

It is held, therefore, that an offer of dedication of a highway as shown on a recorded plat, followed by the sale of lots with reference to that plat, can be recalled or changed, prior to acceptance in the interest of the public, only by the joint action of all owners of property on the plat—see cases cited in *Clark* v. *City of Providence, supra,* and in *Chapin* v. *Brown, supra*—or by adverse possession. See *Louttit* v. *Alex-*

*ander,* 44 R. I. 257. In the instant case no action by all of the owners of property on the plat was shown.

Further, in our opinion, there is no evidence that anyone obtained title by adverse possession, prior to September 17, 1936, to the portion of Alvin street in dispute. Up to the time when the appellant purchased its property in July 1934, apparently the land in question had remained in its natural state. There is no evidence that before the appellant received its deed anyone performed any acts in connection with such land. The appellant apparently was the first person to make any use of the property in dispute, and such action was taken subsequent to July 9, 1934.

For the reasons above indicated, the making of the deed by the Bullocks to the appellant of premises which included the land now in question did not and could not operate as a recall or revocation of an offer to dedicate such land for highway purposes; and, therefore, such dedication continued up to the time the board of aldermen acted on September 17, 1936, under the provisions of chap. 1549, *supra,* and the board's action, now complained of by the appellant, was proper.

The decision of the trial justice in denying and dismissing the appellant's appeal and in confirming the decree and order in question of the board of aldermen of the city of Providence was without error.

The appellant's exception is overruled, and the case is remitted to the superior court for further proceedings following the decision.

*Edward M. Sullivan, John J. Sullivan,* for appellant.

*Daniel E. Geary, John T. Walsh,* for mayor and board of aldermen of city of Providence.