ANTONIO DE COSTANZO *et al. vs.* THE GOVERNOR DYER

CO-OPERATIVE MARKET, INC. *et al.*

APRIL 9, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity to enjoin the respondents from obstructing an alleged public way described in the bill as General street in the city of Providence. The cause is here on the complainants' appeal from a decree of the superior court denying and dismissing the bill. In support of the appeal they contend that the decree is against the law and the evidence and the weight thereof.

The complainants either conduct business on, or are holders of the fee or lessees of, property on Rathbone street, a public highway, which intersects General street. They do not own or occupy any premises on General street. The respondents are The Governor Dyer Co-Operative Market, Inc., hereinafter called the market company, and the Narragansett Improvement Company, which was made a party solely because it had been hired by the market company to dig up and reconstruct General street so as to prevent ingress thereto from certain public highways, one of which is Rathbone street. The real respondent, however, is the market company. Hence in the following discussion we shall refer to it as if it were the only respondent.

General street is not an accepted street and has never been worked by the city of Providence nor has public traffic thereon ever been subject to regulation by the police department. On the contrary it has always been under the control of the market company. It is entirely within the boundaries of a tract of land belonging to that company which it has developed and operates as a market place primarily for farmers and produce men for the sale of farm produce. This tract is bounded by four public highways, namely, Valley street on the north, Promenade street on the south, Hemlock street on the west, and Rathbone street on the east. General street is a passageway through the

market place running approximately east and west from Hemlock street to Rathbone street.

According to the undisputed evidence, this way has been used by vehicles and pedestrians since the market place was established. Most of such users were persons having business to transact in the market. But there was evidence that some used it merely as a convenient passageway from Hemlock street to Rathbone street and others, including some of the complainants, used it in the course of transacting business with merchants on Rathbone street. The trial justice expressly found that such use was merely permissive, and that at all times the market company through its duly appointed agents exercised undisputed supervision and dominion over General street as it did over other portions of the market place which had been laid out as passageways. However, the complainants claim that the evidence showed a completed dedication of the passageway by the market company for use as a highway connecting Hemlock and Rathbone streets and that the public by immemorial usage of it as a public way had accepted such dedication.

The complainants contend here that the trial justice's decision is erroneous because it is contrary to law and against the weight of the evidence. After carefully examining the transcript and the exhibits we are of the opinion that neither ground is tenable. The law with reference to dedication of private property by the owner thereof to a public use and especially as a public highway is well settled in this state. Indeed there appears to be no real controversy between the parties on this score as for the most part they have cited the same cases where this court has stated the law. And the trial justice has cited at least two of such cases to show the law upon which he relied and which he conceived to be applicable to the evidence before him. In the circumstances, therefore, an extended discussion of all the cases is not necessary. Reference to a few will be sufficient.

In the very early case of *Remington* v. *Millerd,* 1 R. I. 93,

this court, citing 2 Greenleaf's Evidence, said at page 98: " * * * to prove a highway by dedication, two things are essential; first, the act of dedication, and, second, the acceptance of it on the part of the public." In a much later case, *State* v. *Coy*, 44 R. I. 357, 362, the court adhered to that view and declared: "A dedication is established by proof of the owner's intention to dedicate the land and the acceptance of the dedication by the public by the use of the land. * * * By such a dedication the fee does not pass to the public but only an easement. So far as the owner of the land is concerned, it is sufficient if his intention to set apart a portion of his land for the public use is clear. The intention of the owner is to be ascertained from his acts and his declarations, as no particular mode of making a dedication is prescribed by the common law."

On the other hand as to proof of the acceptance by the public, the court stated in *Eddy* v. *Clarke*, 38 R. I. 371, 379, " 'to create a public way by use the proof must show that the use has been general, uninterrupted, continuous and adverse so as to warrant the inference that it had been laid out, appropriated, or dedicated by the proprietors of the adjoining land to the public.' " Other cases could be cited but these will suffice to illustrate the principles of law applicable to the facts in the case at bar upon which complainants rely in proof of their claim that the respondent market company dedicated General street for the use of the public as a highway.

The real question for us to determine is therefore reduced to one of fact. On the evidence before him the trial justice expressly found that the market company "did not intend, and in fact did not, directly or by implication, dedicate" General street as a public highway. The complainants claim that such finding, which is the basis of his decision denying and dismissing the bill, is against the weight of the evidence. In order to prevail on that contention in this court, complainants must show that the decision of the

trial justice is clearly wrong or that he misconceived or overlooked important evidence in their favor. From our examination of the transcript, we find no merit in such contention, but on the contrary we are of the opinion that the evidence supports his decision.

The parties formally stipulated in writing in the superior court that all the evidence which could be presented on a hearing on the merits of the bill had been presented at this hearing on complainants' application for a preliminary injunction. The trial justice accordingly denied such application and also denied and dismissed the bill. In our opinion his decision was not clearly wrong; hence we will not disturb it.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John S. Brunero, Robert Gonella,* for complainants.

*Lester S. Walling, John L. Curran,* for respondents.