308 A.2d 350.

Victor Corrente *et al.* vs. Town of Coventry *et al.*

JULY 31, 1973.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Joslin, J. Several proprietors of land adjoining Twin Brook Lane, so-called, a roadway which runs southerly from Harkney Hill Road to Fish Hi'l Road in the town of Coventry, brought this civil action in the Superior Court against their common grantor and against the town of Coventry and various of its officials. The plaintiffs ask that Twin Brook Lane be declared a public highway, that the town be required to keep and maintain it as an accepted highway and that defendants pay them their dam-

ages and court costs. The case was tried without a jury and the trial justice found as a fact that the roadway had been dedicated to the public use and he declared it a public highway. He specifically refrained, however, from passing on the other prayers for relief. Only the town appealed.[1]

At the trial, plaintiffs did not contend that Twin Brook Lane became a highway by virtue of having been so laid out either by the abutting owners or by the town pursuant to statute, but proceeded instead on the theory that its long continued use by the general public justified the presumption that it had become a highway by dedication.

To sustain their theory, plaintiffs were burdened with establishing that the owners of the adjoining properties, either by their acts or declarations, had manifested a clear intention to devote their property to highway purposes, *State* v. *Frank W. Coy Real Estate Co.,* 44 R. I. 357, 362, 117 A. 432, 434 (1922), and that the general public had for 20 years used that property generally, uninterruptedly, continuously and adversely for the purposes for which it had been dedicated. *Eddy* v. *Clarke,* 38 R. I. 371, 379, 381, 95 A. 851, 854-55 (1915); *see De Costanzo* v. *Gov. Dyer Co-Op. Market, Inc.,* 81 R. I. 438, 441, 104 A.2d 238, 239 (1954).

The evidence in the case, as we view it, seems to support the trial justice's inference that the adjoining proprietors

---

[1]The appeal is beset by jurisdictional defects. First, it is taken from a trial justice's decision, rather than from a judgment set forth on a separate document as required by Super. R. Civ. P. 58(a); and second, it is not accompanied by an appropriate Rule 54(b) certificate despite the multiplicity of claims and parties and the trial justice's express determination. to the effect that there was no just reason for delay and his express direction that judgment enter. We have, nonetheless, remanded the papers in the case for entry of an appropriate judgment and certificate *nunc pro tunc, Malinou* v. *Kiernan,* 105 R. I. 299, 300, 251 A.2d 530, 531 (1969), but our action should not be taken as precedential and litigants should be aware that noncompliance with jurisdictional prerequisites may result in dismissal of an appeal.

at some time or times offered to dedicate the property comprising Twin Brook Lane to the public use for highway purposes, and it also appears to furnish a foundation for his finding that the general public subsequently used and claimed the right to use it for that purpose. But nothing in the trial justice's decision or in plaintiffs' brief or argument even hints that the public user continued without interruption for at least 20 years. Instead, the record on that score appears to be deficient and reveals only that public user continued for about 14 years from 1916 or 1917 and again for 17 years from 1950 to 1967.[2] That limited use is insufficient inasmuch as the presumption of dedication does not arise unless there has been a continuous and uninterrupted public use for at least 20 years. *Eddy* v. *Clarke, supra* at 381, 95 A. at 854-55.

In the circumstances it was error for the trial justice to declare that Twin Brook Lane had been dedicated as a public highway. Accordingly, the defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings. Motion to reargue denied.

*John D. Lynch,* for plaintiffs.

*Richard R. Del Sesto,* Town Solicitor, for Town of Coventry, for defendants.

---

[2]Luther W. Andrews, upon whose testimony the trial justice relied, disclaimed any familiarity with Twin Brook Lane "through the 1930's and the 1940's," (except for a brief period in 1942) and also said that he did not know whether it had been used by the public during the five years preceding the 1972 trial of the case.