**SAMUEL NARDONE & CO. et al.**

v.

**Mary BIANCHI et al.**

**No. 85–22–Appeal.**

Supreme Court of Rhode Island.

April 30, 1987.

David F. Sweeney, Breslin & Sweeney, Warwick, for plaintiffs.

Deming E. Sherman, Edwards & Angell, Providence, for defendants.

## OPINION

KELLEHER, Justice.

This is a Superior Court civil action to quiet title to a parcel of real estate located in an area of the town of Westerly known as Shelter Harbor. At the conclusion of the plaintiffs' case, which was being heard by a trial justice sitting without a jury, the intervenor-defendants moved to dismiss pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure.[1] The trial justice granted the motion and entered judgment for the defendants. The plaintiff now appeals.[2] Hereafter we shall refer to the remaining plaintiff as Nardone.

The facts relevant to this dispute began in 1912. In that year the area now known as Shelter Harbor was originally platted as Musicolony by one Dr. Franklin D. Lawson of New York. Doctor Lawson subdivided the land into lots, roads, and areas reserved for the benefit of those who purchased lots in Musicolony and recorded a plat in the land records of Westerly. A number of lots were sold by Dr. Lawson by reference to this plat, and each deed from Dr. Lawson granted the owner the right to use the roads as shown on the plat. One of the roads delineated on the plat is Schubert Road, located in the northeasterly corner of the plat. The road has never been opened or improved.

Doctor Lawson's vision of a small community dedicated to the memory of the great composers was never fully realized.[3] The mortgage on his property was foreclos-

---

1. Super.R.Civ.P. 41(b)(2) provides in part that in a nonjury trial, the trial justice, at the conclusion of the plaintiff's evidence and upon motion of the defendant, may dismiss the action on the ground that the plaintiff has shown no right to relief.

2. The two remaining plaintiffs, John and Brenda Manning, chose not to appeal.

3. Some of the other roads depicted on the plat bore the names Bach, Brahms, Wagner, Verdi, and Handel.

ed in 1935 and purchased by Nardone at a foreclosure sale. After purchasing the property, Nardone continued to sell lots with reference to the 1912 plat. Deeds from Nardone gave the grantees specific rights in the roads. As the lots were sold, Nardone opened and improved the platted streets, most of which are now fully usable.

In 1952 Nardone filed a new plat of Shelter Harbor. The platted roads remained essentially the same, and most notably, Schubert Road remained exactly as it had appeared in the 1912 plat. Lots continued to be sold after 1952, sometimes with reference to the 1952 plat but occasionally with reference to the 1912 plat.

Twenty-one years later, in 1973, Nardone filed a new plat of a portion of the Shelter Harbor parcel. This plat, approved by the Westerly Planning Board, purported to replat certain lots, change the location of certain roads, and eliminate a portion of Schubert Road that ran along the northeasterly edge of Shelter Harbor. Seven of the lots shown on the 1973 plat were actually incorporated as a portion of Schubert Road.

In 1980 this litigation was instituted pursuant to G.L.1956 (1969 Reenactment) § 34–16–1 against more than 300 defendants, all of whom were alleged to be property owners in the Shelter Harbor area. Nardone also moved to have defendants certified as a class, which was granted after an ex parte hearing. Mary Bianchi, a named defendant, was designated as representative of defendant class. Soon after the initiation of this litigation, a number of defendants moved to dismiss Nardone's claim and to vacate the class on the grounds that they had not been properly notified and would not be adequately represented. They also filed an alternative motion to intervene. The motion to dismiss was denied, but the motion to intervene was granted. Thus the defense in this action has been carried out solely by the intervenors.[4]

The trial justice found that although the 1912 and 1952 plats had never been formally accepted by the town of Westerly, the filing of the two plats resulted in an incipient dedication of Schubert Road. He found that Nardone could not unilaterally revoke the dedication but could acquire clear title to Schubert Road only through consent of the surrounding property owners or by adverse possession. The trial justice went on to find that consent had clearly not been given by the surrounding property owners and that Nardone had failed to establish the elements of adverse possession.

It is important at the outset to note that a trial justice, when considering a Rule 41(b)(2) motion, assesses the credibility of witnesses as well as the weight of the evidence, and our task as an appellate court is "to determine whether his findings are supported by the evidence or whether he misconceived or overlooked any material evidence." *McGovern v. Crossley*, 477 A.2d 101, 103 (R.I.1984).

Nardone argues that the town of Westerly's acceptance of the 1973 plat, which eliminated Schubert Road, operated as acceptance by the town of the abandonment of Schubert Road. Nardone further alleges that the trial justice erred in ruling that Nardone had failed to establish the elements of adverse possession.

■■■ This court has long held that when a plat is recorded with streets delineated thereon and lots are sold by reference to that plat, there is an incipient dedication of such streets inuring to the public. *Gammons v. Caswell*, 447 A.2d 361, 365 (R.I.1982); *Marwell Construction Co. v. Mayor and Board of Aldermen of Providence*, 61 R.I. 314, 321, 200 A. 976, 979 (1938). Such a dedication can be revoked only by consent of all property owners in the plat, *Marwell*, 61 R.I. at 323, 200 A. at 980, or by adverse possession. *Gammons*, 447 A.2d at 366; *Marwell*, 61 R.I. at 323, 200 A. at 980. We find no support for Nardone's argument that the acceptance of

---

**4.** The intervenors' claim that they would not be adequately represented by the class appears to have been justified. The class representative, Mary Bianchi, testified by way of deposition that she did not intend to take any action in response to this suit and had no objections to the relief sought by Nardone.

the 1973 plat resulted in the abandonment of Schubert Road.

General Laws 1956 (1984 Reenactment) § 34–7–1 provides that parties claiming adverse possession must show that they "have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands * * * claiming the same as his, her or their proper, sole and rightful estate." Use of the property by the adverse possessor must be "actual, open, notorious, hostile, under [a] claim of right, continuous, and exclusive." *Gammons*, 447 A.2d at 366–67. In *Lee v. Raymond*, 456 A.2d 1179, 1183 (R.I. 1983), this court elaborated on the requirements for adverse possession, noting that "openness" requires the claimant to use the disputed land adversely to the true owner, "hostile" requires actions inconsistent with the claims of others, "actual" and "continuous" requires use similar to owners of like land and continuity of possession sufficient to signal the true owner that a contrary claim is being asserted.

 A review of the record reveals that Nardone never erected barriers or other obstructions on Schubert Road, nor did Nardone restrain anyone from using the road or evict anyone from the road. Nardone also failed to produce any evidence that would satisfy the statutory ten-year period necessary to establish adverse possession. Bearing in mind that the burden falls upon the claimant to prove each element of adverse possession by strict proof, *see Thomas v. Ross*, 477 A.2d 950, 953 (R.I.1984), we subscribe to the trial justice's conclusion that Nardone's claim of adverse possession lacked the requisite evidentiary basis.

Nardone's final argument on appeal, that enforcement of the 1912 and 1952 plats would result in inequitable hardship to the corporation, merits little discussion. It is disingenuous at best for Nardone to now claim hardship if the 1912 plat is enforced when Nardone filed essentially the same plat in 1952 and sold lots with reference to both plats.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

MURRAY, J., did not participate.