[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs, Richard LeBlanc and Linda Phipps, bring this action to declare Frazier Lane (the lane), which is located in Tiverton, Rhode Island, a public street. Defendants, Gilbert Frazier, et al, are the owners of property abutting the lane. A trial of this action on the merits was conducted by this Superior Court.
Plaintiff Phipps owns property described as Lot 101H on Block 99 located in Tiverton, Rhode Island. Plaintiff LeBlanc has entered into an agreement to purchase certain property located on Block 99. Plaintiffs each propose to subdivide their property and have agreed to extend the lane from Stafford Road through Phipps' property and into LeBlanc's property.[1] Pursuant to this agreement, Plaintiffs applied to the Tiverton Planning Board (the Board) for subdivision approval. Defendants object to Plaintiffs' proposal on the basis that neither the Board nor Plaintiffs possess the authority to permit such use of the lane. Although the Board granted preliminary approval, it indicated that final approval would not be forthcoming until the status of the lane is resolved. In response, Plaintiffs have brought the instant action.
At the outset, Plaintiffs argue that the requested relief should be granted on the basis that the lane has been dedicated to the public. Plaintiffs contend that the original owner of the property surrounding the lane, the late Gloria Frazier (the Grantor), dedicated the lane to the public as a street. Alternatively, Plaintiffs argue that Defendants are estopped from claiming that the lane is not a public street. Because this Court is able to resolve this case solely on the basis of the dedication issue, the estoppel issue will not be specifically addressed in this decision.
Dedication refers to a transaction whereby a landowner offers a passageway for use by the public. Sartor v. Coastal ResourcesManagement Council, 542 A.2d 1077, 1083 (R.I. 1988). In order for there to be an effective dedication, there must exist a manifest intent by the landowner to dedicate the land in question and acceptance by the public either by public use or by official action to accept the same on behalf of the municipality. Id. In determining whether a landowner has made an offer to dedicate his property to the public, the Rhode Island Supreme Court has held that it is purely a question of determining from the facts of the particular case the owner's intent. Robidoux v. Pelletier,391 A.2d 1150, 1154 (R.I. 1978). In making this assessment, the fact-finder should examine the words or conduct on the part of the dedicator that reasonably tend to demonstrate his wishes.Id.
In the case a bar, there exists compelling evidence that the Grantor intended to dedicate the lane to the public as a street. The evidence presented at trial reveals that the Grantor conveyed by deed several lots from the fee surrounding the lane commencing in 1954. All of the deeds made reference to the lane. Initially, in a 1954 conveyance, the lane was described as a "20 foot way." However, in a subsequent conveyance in 1958, the lane was described as a "proposed 40 foot street." In a 1960 conveyance, the deed also described the lane as a "proposed 40 foot street" and had a survey attached to it which shows the lane as a "40 foot proposed road." The survey was recorded in the land evidence records. The Grantor then made two conveyances in 1961 wherein both deeds described the lane as a "proposed 40 foot street" and referred to the survey which similarly described the lane as a "40 foot proposed road." Finally, in a subsequent conveyance in 1961, the deed described the lane as a "proposed 40 foot street" and also refers to the assessor's map for reference which shows the lane as a street.
The Rhode Island Supreme Court has stated that "when a plat has been recorded with streets delineated thereon and lots are sold with reference to that plat, there is an incipient dedication of such streets inuring to the public." SamuelNardone Co. v. Bianchi, 524 A.2d 1114, 1116 (R.I. 1987). In the case at bar, all of the conveyances from the Grantor were made with respect to having frontage on the lane. Most importantly, however, beginning with the conveyance in 1960, attached to the deeds were recorded surveys which depict the lane as a forty (40) foot wide street. This Court finds the recording of the survey showing the lane as a forty (40) foot proposed road indicative of the Grantor's intent to dedicate the lane to the public as a street. This finding is buttressed by the fact that Tiverton's ordinance which was enacted in the early 1960's required streets forty (40) feet in width. The fact that that Grantor described the lane as a forty (40) foot wide street in the deeds supports the conclusion that the Grantor intended that the lane be dedicated to the public as a street, for had the Grantor intended otherwise, a much narrower passageway would have been delineated.
Assuming, arguendo, that the Grantor did not dedicate the lane, this Court finds that the Grantor's heirs have dedicated the lane.[2] Dedication by the Grantor's heirs occurred when they caused a plat plan to be submitted to the Board for approval prior to conveying the property to. The plan depicted the lane as a forty (40) foot wide street, providing frontage for all of the abutting lots and frontage for the proposed Phipps lot. The Board approved the plan and the heirs conveyed the property to Phipps by deed, which included reference to its frontage on the lane and reference to the plan. Most importantly, the plat plan was recorded in the land evidence records. This Court finds the actions of heirs tantamount to an incipient dedication of the lane under the analysis inBianchi, supra. However, because this Court finds that the Grantor validly dedicated the lane, such a finding is not essential to resolve this case.
Having found that the Grantor intended to dedicate the lane to the public, this Court must now make a factual determination as to whether the lane has been accepted. Acceptance may be accomplished either by public use or by official action to accept the same on behalf of the municipality. Vallone v. City ofCranston, 197 A.2d 310, 314 (1964).
It is uncontroverted that there has not yet been official action of acceptance by Tiverton. Plaintiff contends that there has been acceptance by public user. In order to create a public way by use, the proof must establish that the general public had for more than twenty (20) years used that property generally, uninterruptedly, continuously and adversely for the purposes for which it had been dedicated. Corrente v. Town of Coventry,308 A.2d 350, 351 (1973). "`An occasional use by a few persons living in the neighborhood without any assertion of public right is not sufficient.'" Eddy v. Clark, 38 R.I. 371, 379, 95 A. 854-855 (1915).
In the case at bar, this Court finds that there has not been an effective acceptance of the lane by public use. There was no evidence introduced at trial establishing that the general public uses the lane. The lane is a dead-end and is primarily used by those persons owning property abutting the lane and their guests and invitees. That limited use is insufficient inasmuch as the presumption of acceptance does not arise unless there has been a continuous and uninterrupted public use for at least twenty (20) years.
Plaintiffs also contend that the lane should be declared a public street because it appears on Tiverton town records and has been maintained by Tiverton for approximately fifteen (15) years.[3] Although this evidence does seem to suggest that the lane is public, the existence of a public way cannot be established by repair alone. Clark, supra, at 380. "Under certain conditions, as where there has been proof of long continued use, it is conceivable that evidence of long continued repair, in addition to being proof of acceptance, may be regarded as tending to corroborate the evidence of public use." Id.
Here, however, Plaintiffs have not shown any proof of long continued use of the lane for the requisite time period. Consequently, evidence of repairs alone is insufficient to establish the lane as a public way.
Plaintiffs have sought a declaratory judgment that the lane is a public street pursuant to R.I.G.L. § 9-30-1. Based on this Court's finding of lack of acceptance as set forth above, this Court cannot make that declaration. However, because this Court has found an intent to dedicate, Tiverton may act to formally accept the lane pursuant to statute.
Counsel shall prepare an appropriate judgment for entry.
[EDITORS' NOTE: EXHIBIT #15 IS ELECTRONICALLY NON-TRANSFERRABLE.]
[1] The lane runs easterly from Stafford Road and neither LeBlanc nor Phipps owns the portion of the lane that runs from Stafford Road into Phipps' property. The relative location of the parcels are depicted in Exhibit 15, attached hereto.
[2] Upon the Grantor's death in 1975, the only remaining property she owned adjacent to the lane was the property now owned by Phipps. Five heirs eventually succeeded to the Grantor's interest in this property, all of whom are defendants in this action.
[3] Testimony at trial revealed that Tiverton grades and plows the lane and also provides street signs.