DECISION
This matter is before the Court for decision after a jury waived trial. The dispute arises over a claim to certain real property designated as Lucy Avenue in Tiverton. The defendants had placed physical barriers across a portion of the way interfering with plaintiff's use of the way. Plaintiff[1] sued on alternate theories of adverse possession and public dedication of the street. Defendants claim record title in fee simple to the land in controversy; or, alternatively, adverse possession from their predecessors in title. The defendants contend that Lucy Avenue does not extend easterly to their western boundary and that they own the 15 ft. strip of land at Lucy Avenue's eastern boundary.
Initially, the court would note that despite a transfer of plaintiff's interest, plaintiff clearly retains standing to pursue this action. Rule 25(c) of the Super. Ct. R. Civ. Proc. authorizes the original party to continue absent a court-ordered substitution. The court would also direct defendant's attention to Bove v. Kates Property Inc., 444 A.2d 193
(R.I. 1982) in which our Supreme Court allowed the original landlord to pursue a trespass and ejectment action despite subsequent conveyance of the affected real estate.
Plaintiff, Frank Lawton, has been a resident of Tiverton since 1959 when he commenced operation of the Dadson Mobile Home Park. In the late sixties to early seventies Lucy Avenue was created in connection with the development of the Clement Heights subdivision. Since that time Mr. Lawton traversed the area with his dump truck to transport loom and to access his own property. This activity continued without incident until 1994 when the defendants deposited a mound of dirt to obstruct plaintiff's entry to the field. Mr. Lawton had also pastured a pony and horse, in 1968 and 1971, respectively, in the field using Lucy Avenue to bring them hay. Although the horse was there for only one year, the pony, who was eight years old when Mr. Lawton purchased her (in 1968), remained until her death after age 20. Plaintiff's narration of events was corroborated by the credible testimony of a former employee, Carlton Thibeault, and a former tenant, Rogers Turner.
Of great assistance in following the development and conveyance of the areas in question is the expert testimony of John Barker. Mr. Barker is a licensed professional land surveyor within our state, whose qualifications were stipulated to by the defendants. Although Mr. Barker was hired by plaintiff, his testimony appeared uninfluenced by bias or any interest in the outcome of this matter. His research was thorough and comprehensive and his testimony was candid and helpful. Mr. Barker utilized plans, surveys and land evidence records dating back to 1953, the year of the creation of the original subdivision, Grinnell Estates. The original plan (1953) showed Lucy Avenue as a proposed road. The road is also shown on the 1974 Clement Heights plat plan. Mr. Barker also studied the deeds and followed deed descriptions declaring them to be consistent with the plans he had viewed in the land evidence records. He also "retraced the footsteps" of prior surveyors while out in the field and found that his establishment of the property line conformed to and coincided with that of his predecessors.
Mr. Baker concluded that the "proposed road," presently designated as Lucy Avenue, has existed since the recordation of the plat plans in the land evidence records.
In the court's estimation, the minutes of certain Tiverton Town Council meetings furnish critical evidence in determining the status of Lucy Avenue. A review of the those minutes from December 11, 1973 reveal agenda item no. 2 to be "Clement Rose Grinnell Estates." The text in pertinent part, reads as follows:
 "Road construction has been done under the direction of Mr. DeCosta. Mr. Rose appeared before the town council last night for approval of Lucy Avenue and Susan Lane, the former being for a proposed road not previously named, and it was so granted. Names were previously approved in 1971 by the Fire Chief and signed by him."
Years later, in December of 1977, the town council again acknowledged that Lucy Avenue had been accepted as a road. At a December 11 meeting, Clement Rose requested town acceptance of Lucy Avenue. When a question was raised as to whether the street had ever been deeded to the town, the town council declared that the acceptance of a plot plan includes the road thereon. (See Minutes of Town Council Meeting). As noted in Marwell Construction Co. v. Mayor, et al, 61 R.I. 314 (1938), citing 1 Elliott on Roads and Streets (4th ed.), 151:
 "An owner who makes a plat on which spaces are left indicating the dedication of roads or streets, and sells lots with reference to the plat, can not recall his dedication, for he leaves the streets to be opened by the proper local authorities at such a time as public interest may require, and of this the local authorities are the judges. It is for them to determine when the public interests demand that the ways as laid out on the plat shall be taken in charge and improved for public use, but the ways as to those who have purchased lots exist from the time of their purchase."
Applying the aforementioned principles to the credible evidence in this matter compels the court to conclude that Lucy Avenue has indeed been accepted and is a public way. Judgment shall enter for the plaintiff on the issue of dedication and the right to pass and repass. This renders the plaintiffs' claim of adverse possession moot. On the defendant's counterclaim for the latter, judgment shall also enter for the plaintiff as the defendants have failed to sustain proof of the requisite elements for such a cause of action.
Plaintiff's counsel shall prepare an appropriate order.
[1] Frank D. Lawton is the sole plaintiff as Mrs. Lawton, unfortunately, deceased prior to the trial.