HENRY E. SMITH *vs.* EDGEWOOD CASINO CLUB *et al.*

A lessor in a written lease for a term of years who waived the forfeiture incurred by the lessee for breach of his covenant in the lease not to underlet the leased premises without written consent of the lessor, and who accepted and retained the rent for said premises accruing subsequently to such breach, is not entitled to equitable relief by way of injunction to restrain the lessee from such subletting of said premises, and to prevent the continued occupation thereof by the tenant of the lessee.

A lessor's waiver of the forfeiture incurred by a lessee who underlets the leased premises contrary to his covenant in the written lease not to underlet the same without the written consent of the lessor, is, in effect, a ratification of the act of the lessee, and renders both that act and the occupation of the subtenant legal.

By insisting on the forfeiture complainant would have had an adequate remedy at law by an action of ejectment, and by an action for damages for breach of contract.

BILL IN EQUITY for injunction.  Heard on pleadings and proofs.

*November* 11, 1896.  MATTESON, C. J.  The bill sets forth that the complainant is the owner in fee of a certain lot of land situated on Shaw avenue, in that part of Cranston called Edgewood, with a building on the lot known as the Edgewood Casino Club ; that on, to wit, June 25, 1894, he leased the same, by written lease for seven years, to the respondent, the Edgewood Casino Club ; that these respondents on the same day entered into possession of, and have since been in the quiet and undisturbed enjoyment of the premises ; that the lessees covenanted in the lease not to underlet the premises, or any part of them, without the consent in writing of the lessor, but that, disregarding their covenant, they have underlet the premises to the respondent Root, who has entered into possession of them and established a kindergarten school therein, and still continues in the occupation of them.  The bill expressly waives the forfeiture incurred by the lessees in respect of their breach of the covenant, and prays that the club may be compelled to perform the negative covenants contained in the lease, and may be restrained by injunction from sub-letting the leasehold premises, or any part thereof, or permitting the occupation of them contrary to the lease, and that the respondent Root may be restrained from continuing in the occupation of any portion of the premises without the consent in writing of the lessor, and for general relief.

We do not think that the complainant makes a case for equitable relief.  The letting to Mrs. Root by the club was a completed transaction at the time of the filing of the bill. *Ireland* v. *Nichols*, 46, N. Y. 413.  There is no suggestion in the bill of any other contemplated breach of the convenant by the lessees, for the prevention of which an injunction of the court is needed.

The testimony shows that, after knowledge of the breach of the covenant, the complainant received from the club a check for rent accruing subsequently to the breach, which he has retained to the hearing of the cause.  We think that

this acceptance of the check coupled with its retention must be regarded as a waiver of the forfeiture. But in addition to this, as has been stated, the bill expressly waives the forfeitures incurred by the lessees by the breach of their covenant. The complainant by insisting on the forfeiture would have had a complete and adequate remedy at law, by an action of ejectment to recover possession of the premises from the lessees and their tenant, and an action for damages against the club for breach of their covenant. But his waiver of the forfeiture was in effect a ratification of the act of the club in underletting the premises to Mrs. Root, and rendered their action and her occupation legal. *Ireland* v. *Nichols*, 46 N. Y. 413 ; *Shattuck* v. *Lovejoy*, 8 Gray, 204.

An injunction must be denied and the bill dismissed.

---

After the above opinion was filed the complainant applied for a rehearing of the cause, and this application was denied December 31, 1896.

PER CURIAM. The right to proceed in equity for the specific performance of a covenant is limited to those cases in which there is no adequate remedy at law. This was the ground of our decision in this suit. The breach of the covenant against underletting worked a forfeiture of the lease, for which the complainant had a right to recover possession of the demised premises in an action of ejectment. He was also entitled to an action for a breach of the covenant in which he could have recovered the entire damages which would have accrued to him during the term of the lease. There was, therefore, no occasion for a resort to equity for relief.

Instead of pursuing his legal remedies, which were adequate, the complainant saw fit to waive the forfeiture incurred by a breach of the covenant, and thereby to ratify and legalize the action of the club in underletting the premises. By so doing he deprived himself of the right to proceed either at law or in equity, since from that time Mrs. Root's occupation of the premises became lawful.

We do not dispute the propositions that a mandatory in-

junction may issue in a proper case to compel the undoing of an illegal act, or that, in a case where there is no adequate remedy at law, a party entitled to take advantage of a penalty or forfeiture may waive it and proceed in equity for specific performance.

The motion for a reargument is denied and dismissed. The decree submitted by the respondents may be entered.