DONNELLY REALTY CO. *vs.* NATHALIE LANGEVIN.

JULY 5, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

334

BAKER, J. This is an action of trespass and ejectment. It was heard in the superior court by a justice thereof sitting without a jury who rendered a decision for the plaintiff. The defendant has duly prosecuted her bill of exceptions to this court and is relying only on her exception to the decision.

The plaintiff is seeking to obtain possession of the three upper floors and the westerly half of the cellar of the building located at the corner of Broad and Winslow streets in the city of Providence. The evidence shows that in 1948 plaintiff purchased the parcel of land with the improvements thereon situated at the above corner. At that time defendant was operating the upper stories of the building as a rooming house under a written lease for five years which did not expire until February 1, 1950.

On July 1, 1949 the plaintiff gave written notice to the defendant that the lease would not be renewed and directed that at its termination she vacate and surrender the premises. However, she continued to occupy the building after February 1, 1950. During the period following that date plaintiff was engaged in taking the necessary steps to secure the required permission from the federal rent control authorities to institute ejectment proceedings which could not legally be initiated until such permission was granted. In the meantime for several months subsequent to February 1, 1950 and while awaiting an answer to its request for such permission, plaintiff accepted from defendant the regular monthly rent in advance giving her written receipts therefor which contained the statement that the payments were rent for the premises in question.

In view of the circumstances herein, including the termi-

nation of the original lease and the lapse of time during which plaintiff was seeking under the federal statutes the permission above referred to, we assume for the purposes of this case that the acceptance by plaintiff of such payments of rent from February to July was not intended by it to create a new relation of landlord and tenant between the parties and in itself did not effectuate such a result. During the period last mentioned defendant was occupying the premises by force of the federal statutes and not prima facie by any agreement with the plaintiff which created such relationship.

The plaintiff finally received from the federal rent control office permission to bring an action of trespass and ejectment against defendant. As a consequence thereof all necessary steps to be taken thereafter to accomplish that result would be free from federal regulations and would be taken solely under and in conformity with the pertinent law of this state. In other words, the relationship of the parties in respect to the occupation of the premises had changed. Accordingly on June 14, after having received such permission, plaintiff served on defendant a written notice to quit the premises on July 1. Defendant, however, failed to leave but on that date offered plaintiff her usual rent of $75 in advance for the month of July, which payment plaintiff accepted giving her a receipt which is in evidence and states without condition or reservation that such payment was rent to July 31. At the time of accepting such rent there was no longer in effect any federal requirement which affected the intent of the parties. Thereafter plaintiff instituted the present action by issuing a writ of ejectment dated July 3, 1950 on which it obtained a decision August 4 in the district court by submission of defendant. On August 1 plaintiff also had accepted from defendant $75 as rent in advance covering the month of August and had given her a written unqualified receipt for rent to August 31.

Defendant argues in substance that by unconditionally accepting on July 1 her rent in advance for that month plaintiff, under the law of this state, recognized a letting to her for a new term. She therefore contends that in the circumstances plaintiff, having accepted such rent, is not entitled to eject her from the premises under the present writ which was issued during that month while the relationship between them of landlord and tenant existed and was recognized.

In our opinion defendant's contention is sound. Plaintiff's case is based on the notice to quit of June 14 and not on nonpayment of rent. In discussing a situation where a tenant held over after a notice to quit, this court stated the general rule in this jurisdiction as follows in Union Trust Co. v. National Coal Co., 66 R. I. 485, at page 487: "After the date stated in the notice to quit, the defendants, who remained in possession of the premises, became trespassers * * * and continued as such, unless the plaintiff, as landlord, did something to alter that situation. Mere delay alone, unaccompanied by any demand for *or receipt of rent,* or by other circumstances fairly tending to show a change in such relations, cannot deprive a landlord of the right to gain possession of premises by lawful means from a trespasser." (italics ours)

In the instant case, however, it is clear that the landlord, by unqualifiedly accepting rent in advance on the date the notice was to become effective and several days before the present proceedings were started, did something to alter a situation wherein defendant would have become a trespasser, and also acted in a manner to indicate a renewal of the tenancy. There is no evidence on the record to establish a different intent. It is our judgment that in the circumstances herein after the payment of rent on July 1 the relation of landlord and tenant existed between the parties, and as long as defendant's rent had been unconditionally accepted by plaintiff she was entitled to

another notice to quit before trespass and ejectment proceedings could properly be brought against her.

In disputing defendant's contention that by thus accepting rent from her on July 1 it recognized a letting to her for a new term, the plaintiff relies on certain provisions of public laws 1948, chapter 1986, sec. 2, which read as follows: "Whenever an action of trespass and ejectment shall be pending in the superior court, on appeal, or in the supreme court, on a bill of exceptions, the defendant or defendants in such action shall pay to the plaintiff or plaintiffs sums of money equal to the rent for such premises, which said sums shall be paid at such times and in such amounts as rent would be due and payable were the action of trespass and ejectment not then pending. The acceptance of such moneys shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as a tenant."

Upon consideration it is our opinion that the quoted portion of the above section is not applicable to the situation existing in the instant case. The language of the section is clear and unambiguous. As bearing on the necessity and effect of a payment of money by a defendant and its acceptance by a plaintiff the section relates only to a case of trespass and ejectment which is pending in the superior court on appeal or in the supreme court on a bill of exceptions. In the present instance the rent was paid in advance on July 1, prior to the starting of the case in the district court, and on August 1, while the case was pending in that court and before an appeal was taken to the superior court. Those payments were not made under the statute which in our judgment is of no aid to the plaintiff in the present circumstances.

The defendant's exception is sustained, and on July 9, 1951 the plaintiff may appear before this court and show cause if any it has why the case should not be remitted to

the superior court with direction to enter judgment for the defendant.

*Charles A. Kelley, Paul E. Kelley,* for plaintiff.

*John T. Walsh, Thomas H. Needham,* for defendant.