Anthony J. BOVE, d/b/a Mirabar Lounge

v.

KATES PROPERTIES, INC.

No. 80–31–Appeal.

Supreme Court of Rhode Island.

April 14, 1982.

**194**

Gunning, LaFazia & Gnys, Inc., Netti C. Vogel, Providence, for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Howard E. Walker, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Superior Court denying and dismissing a complaint by Kates Properties, Inc. (landlord), against Anthony J. Bove, d/b/a Mirabar Lounge (tenant), for possession and reasonable value of use and occupancy of the premises from and after the time of the notice to quit. This action had begun in the District Court wherein a judgment was entered in favor of the defendant by stipulation of the parties. The landlord appealed to the Superior Court. In the Superior Court an action had already been filed by the tenant charging that the landlord had attempted a self-help eviction and seeking injunctive relief therefrom. The trespass and ejectment action and the complaint for injunctive relief were consolidated. The Superior Court justice, after a nonjury trial, filed a rescript awarding judgment for the tenant in the trespass and ejectment action on the ground that the tenancy had been reinstituted by acceptance of rent during pendency of the action in the District Court. The Superior Court denied the tenant's claim for damages in the companion case. The landlord's counterclaim for damages had been previously dismissed without prejudice in the course of trial. From these judgments the landlord appeals. We affirm.

Although not mentioned in the landlord's brief, it is set forth without contradiction in the tenant's brief that on November 16, 1979, the landlord conveyed the property that was the subject matter of this action to Belvoir Associates. We are further informed that Belvoir Associates subsequently brought another action for possession in the Sixth Division of the District Court. As a consequence, the tenant contends that the appeal should be dismissed on the ground of mootness.

Rule 25(c) of the Superior Court Rules of Civil Procedure provides as follows:

> "(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."

The foregoing rule unambiguously provides that in the event of a transfer of interest the action may be continued by the original party. In this instance the tenant might have moved for substitution or joinder but did not do so. Therefore, under the plain terms of the rule the original landlord could continue the action for the benefit of its successor in interest. See 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1958 (1972).

Addressing the merits of the appeal, we find it undisputed that the landlord sent to the tenant an invoice that read in part:

"Base Rent Due: for 8–1 to
  10–31–79                    $2,100.00

"Electrical Usage: 7–30 to
  9–26–79                      290.37
              TOTAL      $2,390.37"

A portion of the "rent" demanded in the invoice applied to a period during the pendency of the landlord's action for possession in the District Court. The acceptance of this rent was found by the trial justice to have reinstated the tenancy. The landlord argues that this finding was erroneous as a matter of law because of the provisions of

G.L.1956 (1969 Reenactment) § 34–20–7 which require:

"Payment of rent during pendency of appeal.—Whenever an action for the recovery of real property shall be *pending on appeal in the superior or supreme court,* the defendant or defendants in such action shall pay to the plaintiff or plaintiffs sums of money equal to the rent for such premises, which said sums shall be paid at such times and in such amounts as rent would be due and payable were the action not then pending. The acceptance of such moneys shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as a tenant." (Emphasis added.)

The trial justice pointed out in his rescript that a landlord is entitled under this statute to receive payment of an amount of money equal to the rent for occupancy by the tenant after an appeal is taken and not before, since the landlord is entitled to obtain back rent due and owing in the District Court as an element of damages. This interpretation is consonant with the holding of *Donnelly Realty Co. v. Langevin,* 78 R.I. 333, 82 A.2d 173 (1951).

The language of the statute is plain and unambiguous and does not require interpretation. *See Citizens For Preservation of Waterman Lake v. Davis,* R.I., 420 A.2d 53, 57 (1980); *Beaudoin v. Petit,* R.I., 409 A.2d 536, 539 (1979); *State v. Angell,* R.I., 405 A.2d 10, 15 (1979); *Vaudreuil v. Nelson Engineering And Construction Co.,* R.I., 399 A.2d 1220, 1222 (1979). Its terms become operable only after an appeal is taken to the Superior or Supreme Courts.

As a consequence, since the tenancy was reinstated by acceptance of rent for a period during the pendency of the action in the District Court, the tenant was not a trespasser and the determination of the trial justice was both legally and factually correct.

The holding relative to the status of the tenant was determinative of the issue of the landlord's claim for damages. If the tenant was not a trespasser, the landlord would clearly not have been entitled to damages for the withholding of the premises over and above the amount of rent. At oral argument it was stated without contradiction that the tenant has paid an amount for use and occupancy of the premises equivalent to rent as required by § 34–20–7.

For the reasons stated, the appeal of the landlord is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.