DECISION
This matter comes before this Court for decision following a non-jury trial held on January 20, 2009, on the action instituted by Joseph and Anita McGarry ("the McGarrys") against Dr. Alfred Coletti ("Dr. Coletti") for trespass, private nuisance, [1] and quiet title. Dr. Coletti counterclaimed ownership of the disputed land via adverse possession pursuant to G.L. 1956 § 34-7-1.
 Findings of Fact
This action revolves around the ownership and use of a vacant, wooded lot located to the north of Centerville Road, and to the east of Gauvin Avenue, described as Lot 65, Assessor's Plat 250 which was purchased by the McGarrys in 1988. The entire parcel is 100 feet in width by 225 feet in length. The disputed area in this litigation is 100 feet in width by the most southerly 50 feet in length.
Dr. Coletti purchased a commercial lot on Centerville Road, described as Lot 5, Assessor's Plat 250, in 1972, where he built an office building to house his dental practice. The *Page 2 
office building sits approximately nine inches from the northerly line of Dr. Coletti's commercial lot. Dr. Coletti's commercial lot is bordered by his residential lot to the west and by the disputed parcel to the north.
In 1978, the McGarrys purchased their residence, which is located to the north of Dr. Coletti's residence and to the west of the disputed parcel. Country Club Estates, the homeowners' association that developed the neighborhood, originally owned the disputed parcel. In 1988, the McGarrys purchased the disputed parcel from Country Club Estates. At trial, Mr. McGarry testified that he bought the lot from the homeowners' association with the intention of maintaining it as a "buffer area."
The current litigation arose in 2005 when Dr. Coletti hired a company to repave the parking lot located on his commercial lot. Mr. McGarry testified that Dr. Coletti kept a dumpster on his commercial lot that would occasionally migrate onto the disputed parcel. When Mr. McGarry noticed the dumpster on the disputed parcel, he contacted the company that owns the dumpster to remove it from the property. Shortly after Dr. Coletti had his commercial lot repaved, Mr. McGarry testified that he noticed Dr. Coletti had paved an area encroaching onto the disputed parcel as a pad for the dumpster. Upon noticing the encroachment of the dumpster pad onto the disputed parcel, Mr. McGarry testified that he called Dr. Coletti and requested that he remove both the pad and the dumpster from the property. Dr. Coletti did not comply with this request.
On September 1, 2006, the McGarrys brought an action for trespass, private nuisance, and quiet title against Dr. Coletti seeking the removal of the dumpster and the asphalt pad. Dr. Coletti responded with a counterclaim against the McGarrys, claiming adverse possession of 7500 square feet of the disputed parcel. Dr. Coletti later amended this figure, claiming that he *Page 3 
adversely possessed approximately 5000 square feet extending northerly 50 feet from his commercial lot and 100 feet in width. Dr. Coletti testified that he has maintained this area since 1972. Following the construction of the office building, Dr. Coletti testified he planted trees and laid crushed stone behind the building on the disputed parcel. Dr. Coletti testified that his employees would occasionally eat lunch outdoors behind the office building on the disputed parcel.
Dr. Coletti also testified that he hired John Moretti, a landscaper who cared for Dr. Coletti's residential lot, to also maintain his commercial lot and the disputed area. Mr. Moretti was called as a witness by Dr. Coletti. Mr. Moretti testified that he performs landscaping services for the McGarrys and Dr. Coletti. Mr. Moretti testified that he maintained the disputed property for Dr. Coletti by raking, pulling weeds, and clearing branches and fallen trees between the months of March and November for approximately thirty years.
Dr. Coletti claims that he maintained the disputed area for aesthetic purposes. The examining rooms in the dentist office have large windows facing out to the disputed parcel. Dr. Coletti alleges he maintained the disputed parcel so that his patients would have a nice view from the examining rooms. John Reiss, a patient of Dr. Coletti's, was called to testify about the views from the examining rooms.
 Standard of Review
Sup. R. Civ. P. 52(a) states that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specifically and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58." In a non-jury trial, "the trial justice sits as a trier of fact as well as of law." Hood v. Hawkins,478 A.2d 181, 184 (R.I. 1984). The trial justice "weighs and considers the evidence, passes upon the credibility of the witnesses, and draws *Page 4 
proper inferences." Id. Our Supreme Court has recognized that "`a trial justice's analysis of the evidence and findings in the bench trial context need not be exhaustive, and if the decision reasonably indicates that [he] exercised [his] independent judgment in passing on the weight of the testimony and the credibility of the witnesses it will not be disturbed on appeal unless it is clearly wrong or otherwise incorrect as a matter of law.'" Notarantonio v. Notarantonio, 941 A.2d 138, 144-145
(R.I. 2008) (quoting McBurney v. Roszkowski, 875 A.2d 428, 436 (R.I. 2005)); see also Grady v. Narragansett Electric Co., 962 A.2d 34, 41
(R.I. 2009) (If, upon review by our Supreme Court, it is clear "that `the record indicates that competent evidence supports the trial justice's findings, [the Court] shall not substitute [its] view of the evidence for his [or hers] even though a contrary conclusion could have been reached.'")
 Conclusions of Law Dr. Coletti's Adverse Possession Counterclaim
The adverse possession statute, G.L. 1956 § 34-7-1, provides as follows:
 Where any person or persons, or others from whom he, she, or they derive their title, either by themselves, tenants or lessees, shall have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands, tenements or hereditaments for and during that time, claiming the same as his, her or their proper, sole and rightful estate in fee simple, the actual seisin and possession shall be allowed to give and make a good and rightful title to the person or persons, their heirs and assigns forever; and any plaintiff suing for the recovery of any such lands may rely upon the possession as conclusive title thereto, and this chapter being pleaded in bar to any action that shall be brought for the lands, tenements or hereditaments, and the actual seisin and possession being duly proved, shall be allowed to be good, valid and effectual in law for barring the action.
Our Supreme Court has long held that to establish adverse possession, "a claimant's possession must be `actual, open, notorious, hostile, under claim of right, continuous, and exclusive' for at least ten years." Tavares v. Beck, 814 A.2d 346, 350 (R.I. 2003) (quoting *Page 5 Sherman v. Goloskie, 95 R.I. 457, 465, 188 A.2d 79, 83 (1963)). The party claiming adverse possession must establish each element "by clear and convincing evidence." Carnevale v. Dupee, 783 A.2d 404, 409 (R.I. 2001). Moreover, in an adverse possession claim, the claimant must ultimately prove that he or she "has acted toward the land in question `as would an average owner, taking properly into account the geophysical nature of this land.'" Anthony v. Searle, 681 A.2d 892, 898 (R.I. 1996) (quoting Gammons v. Caswell, 447 A.2d 361, 368 (R.I. 1982)).
After careful consideration of the evidence presented, this Court finds that Dr. Coletti has failed to establish adverse possession of the disputed property. Specifically, Dr. Coletti failed to prove by clear and convincing evidence that he used the disputed property openly, notoriously, and with hostility.
The elements of "open" and "notorious" are established by showing that "the claimant goes upon the land openly and uses it adversely to the true owner." Anthony, 681 A.2d at 897-98 (quoting Gammons,447 A.2d at 367). "The owner then becomes chargeable with knowledge of what is done openly on the land." Id. Our Supreme Court has previously held that "[c]ultivating land, planting trees, and making other improvements in such a manner as is usual for comparable land" have been successfully relied on as proof of the required possession. Id. at 898 (quotingGammons, 447 A.2d at 368). In Anthony, our Supreme Court upheld the trial justice's finding that the claimant established adverse possession by planting trees, maintaining a lawn, and erecting a rabbit hutch and two tree frames on the disputed property. Id. Similarly, inGammons, our Supreme Court upheld the trial justice's finding that the claimant established adverse possession by planting, fertilizing, pruning, and removing underbrush on the disputed land in such a way that one would believe it was part of claimant's property. See Gammons,447 A.2d at 363. *Page 6 
The uses claimed by Dr. Coletti in this case are not open and notorious like the uses in Anthony or Gammons. At trial, Dr. Coletti testified that he planted pine and willow trees, hung bird feeders in the trees, and laid crushed stone on part of the disputed area once immediately following the construction of the office building and again approximately 12 years later. Mr. Moretti testified that occasionally he would clear the disputed area of dead branches and debris, but did not testify to any specific dates or time frames. Dr. Coletti did not erect any structures on the property, unlike the rabbit hutch and the tree frames in Anthony. See Anthony, 681 A.2d at 898. Additionally, Dr. Coletti did not maintain the property in such a way that one would believe it to be continuation of his commercial lot, as did the claimant in Gammons. See Gammons, 447 A.2d at 363.
Mr. McGarry testified that he first became aware of Dr. Coletti's use of the disputed property when Dr. Coletti had an area on the disputed property paved as a pad for Dr. Coletti's dumpster. (Tr. at 85.) Mr. McGarry further testified that he took action immediately upon seeing the paved dumpster pad by calling Dr. Coletti and asking him to remove it. Id. at 86. The paved area encroaching onto the disputed property is the most open and notorious activity established by Dr. Coletti in the thirty-three year span that Dr. Coletti claims to have adversely possessed the property. This Court finds that Mr. McGarry was a credible witness because he was sure in his testimony, candid, and responsive. This Court did not find Dr. Coletti or his witness John Reiss to be credible witnesses because their testimony was vague and evasive. This Court also finds that Mr. Moretti's testimony hurt Dr. Coletti's case, as Mr. Moretti contradicted Dr. Coletti's testimony as to the size of the area claimed. Mr. Moretti testified that the area maintained extended only six to eight feet from Dr. Coletti's northerly boundary line at one point, whereas Dr. Coletti claims the maintenance extended the entire 50 feet by 100 feet area. Further, Mr. *Page 7 
Moretti testified that he picked up dead branches and debris from the disputed parcel only occasionally, and not regularly as Dr. Coletti testified. Based on the less-than-obvious uses by Dr. Coletti, and Mr. McGarry's swift action upon seeing the paved dumpster pad on the property, this Court finds that Dr. Coletti has not proved by clear and convincing evidence that his use of the disputed property was open and notorious.
In addition to Dr. Coletti's failure to prove open and notorious use, this Court also finds that Dr. Coletti has failed to establish hostile use of the property by clear and convincing evidence. The "hostile" element of adverse possession is established if it can be determined "that the possession of the occupier is to a visible line in all events, regardless of the location of the true boundary line." LaFreniere v.Sprague, 108 R.I. 43, 50, 271 A.2d 819, 822 (1970). InLaFreniere, our Supreme Court found that the claimant satisfied the element of hostility by clearing brush and planting trees and bushes along a visible line the claimant mistakenly believed to be the true boundary line. LaFreniere, 108 R.I. at 49-51, 271 A.2d at 823-24.
Dr. Coletti has asserted that he adversely possessed an area of the McGarrys' property that is 100 feet in width and extends 50 feet from his office building. Conflicting testimony was presented by Dr. Coletti and Mr. Moretti at trial as to the actual area of the property that was "maintained." Dr. Coletti testified that Mr. Moretti "maintained the area" behind his office building to a distance of "[a]pproximately 50 to 60 feet back straight north" to an evergreen tree. (Tr. at 9.) Dr. Coletti admitted that he estimated the extent of the area he alleges he maintained based on "eyeball" observations. Mr. Moretti, however, testified that he maintained a distance of six to eight feet to a distance of 50 feet at the farthest point. (Tr. at 66.) Additionally, Dr. Coletti offered as evidence a survey map marked as Defendant's Exhibit B1 at trial. This survey map shows the location of the trees, shrubs, and crushed stone that Dr. Coletti testified he placed on *Page 8 
the property. The survey map also indicates the 50 feet by 100 feet area that Dr. Coletti alleges he maintained by a dotted line.
The trees, other plantings, and crushed stone indicated on the survey map do not approach the 50 foot marker indicated on the survey map. This Court finds that Dr. Coletti did not occupy the property to a visible line because neither Dr. Coletti nor Mr. Moretti could clearly establish a boundary line for the area that Dr. Coletti alleges he has adversely possessed. See LaFreniere, 108 R.I. at 49-51, 271 A.2d at 823-24. This Court finds that Dr. Coletti was not credible as to this element because his testimony was contradicted by Mr. Moretti's testimony. This Court finds Mr. Moretti to be a credible witness because he performs landscaping services for both the McGarrys and Dr. Coletti, and because he has no interest in the outcome of the litigation. Accordingly, this Court finds that Dr. Coletti failed to establish by clear and convincing evidence a hostile use of the property because he did not occupy the property to a visible line. See id.
This Court also finds that Dr. Coletti failed to prove ten continuous years of adverse possession because he was not specific as to which ten-year period from 1972-2005 he was claiming adverse possession. John Reiss's testimony was vague regarding the dates and time frames that he claims he enjoyed the view from the dentist office. Other than Dr. Coletti's testimony that he planted trees, hung bird feeders, laid crushed stone (which is no longer visible), and that his employees occasionally ate their lunch outside in the general area, there was no evidence offered as to which ten year period Dr. Coletti is claiming he adversely possessed the disputed property. *Page 9 
 The McGarrys' Claims for Trespass and Quiet Title
The instant suit was commenced by the McGarrys for quiet title and trespass by Dr. Coletti. A claim for quiet title is governed by G.L. 1956 § 34-16-4.[2] Section 34-16-4 is essentially a mirror image of Dr. Coletti's claim for title of the disputed property by adverse possession under § 34-7-1. As this Court has already determined, Dr. Coletti's claim must be denied for his failure to establish adverse possession of the disputed property by clear and convincing evidence. Accordingly, judgment shall reflect that the McGarrys' claim for quiet title is granted as to Lot 65, Assessor's Plat 250 in its entirety.
The McGarrys have additionally asserted that Dr. Coletti committed trespass on the disputed parcel. Because Dr. Coletti has failed to establish adverse possession of the disputed land by clear and convincing evidence, this Court will now address the McGarrys' trespass claim. The McGarrys contend that Dr. Coletti has committed trespass by paving an area of their property on which Dr. Coletti has placed his dumpster. Our Supreme Court has held that trespass occurs when a person "intentionally and without consent or privilege enters onto another's property." Ferreira v. Strack, 652 A.2d 965, 969 (R.I. 1995) (quotingBlack's Law Dictionary 1504 (6th ed. 1990)).
In this case, Dr. Coletti intentionally entered onto the McGarrys' property by paving the dumpster pad without the McGarrys' consent. As discussed in detail above, Dr. Coletti has *Page 10 
failed to establish all of the necessary elements of adverse possession. Therefore, Dr. Coletti's entry onto the property is without privilege.See Ferreira, 652 A.2d at 969. After carefully considering the evidence, this Court finds that Dr. Coletti committed trespass because the paved area on which Dr. Coletti placed his dumpster encroaches on the McGarrys' property. See id.
 Conclusion
Dr. Coletti has failed to establish the open, notorious, and hostile elements of adverse possession as prescribed by § 34-7-1 by clear and convincing evidence. Moreover, the McGarrys have established their trespass claim because Dr. Coletti's paved dumpster pad encroaches on the McGarrys' property. Accordingly, judgment shall enter in favor of the McGarrys. Dr. Coletti shall pay to remove the paved asphalt pad and dumpster from the McGarrys' property.
Counsel shall prepare an appropriate judgment for entry in accordance with the rulings of this decision.
[1] This claim was not presented at trial. Arguments not made before this Court are deemed to be waived under the well-established "raise-or-waive" rule. See Warwick Housing Authority v. McLeod,913 A.2d 1033, 1037 (R.I. 2007). Accordingly, this Court will not discuss the McGarrys' private nuisance claim against Dr. Coletti.
[2] Section 34-16-4 provides:
 Any person or persons claiming title to real estate, or any interest or estate, legal or equitable, in real estate, including any warrantor in any deed or other instrument in the chain of title to the real estate, which title, interest, or estate is based upon, or has come through, a deed, grant, conveyance, devise, or inheritance, purporting to vest in the person or persons or his, her, or their predecessors in title the whole title to such real estate, or any fractional part thereof or any interest or estate therein, may bring a civil action against all persons claiming, or who may claim, and against all persons appearing to have of record any adverse interest therein, to determine the validity of his, her, or their title or estate therein, to remove any cloud thereon, and to affirm and quiet his, her, or their title to the real estate. The action may be brought under the provisions of this section whether the plaintiff may be in or out of possession and whether or not the action might be brought under the provisions of § 34-16-1 or under the provisions of any other statute.