DECISION
Before this Court is the appeal of Helen J. Beaven, Pojac Point Limited Partnership, Stephen Soscia, J. Weston Abar, Joan Abar, David B. Rickard, June L Rickard, Sylvia Long, George T. Oliver, Trustee, Frances Y. Oliver, Trustee and Paul P. Mihailides ("Petitioners") from a decision of the North Kingstown Zoning Board of Review ("Board"). The Board's decision, originally filed August 11, 2004, and followed by a "Corrected Decision" filed August 24, 2004, affirmed a decision of the North Kingstown Planning Commission ("Planning Commission") approving the joint application of W. Lambert Welling, Brian Stainken and Marsha L. Dupree ("Respondents") to extend Pojac Point Road. Petitioners — who are abutting property owners — filed a timely appeal to this Court on August 30, 2004. Jurisdiction is pursuant to G.L. 1956 § 45-23-71.
 Facts and Travel
Respondents are owners or former owners of the approximately ten acre parcel located at 51 Pojac Point Road and further designated as Assessor's Plat 169, Lot No. 12 (the "property"). The parcel is within the Pojac Point Fire District (the "Fire District") in North Kingstown, Rhode Island. The Fire District was created and incorporated in 1950 by an Act of the Rhode Island General Assembly pursuant to Public Laws 1950, ch. 2506, and encompasses the land area in the northeastern section of North Kingstown commonly known as Pojac Point.
The North Kingstown Zoning Ordinance ("Ordinance") designates the Fire District as a separate zoning district that "is established to protect the rural landscape, to conserve natural resources and to promote low-density growth because of the absence of public roads within the district." Ordinance § 21-37. As implied by the language of the Ordinance, all the roads within *Page 3 
the Fire District are actually private rights of way. Thus, the road running through the property, Pojac Point Road, is a private right of way rather than a public street.
Respondent Lambert Welling ("Mr. Welling") owned the property in 2002 and desired to subdivide the property so that his son could construct a house on the new lot. However, the Ordinance requires a landowner to demonstrate that a parcel contains a certain amount of frontage prior to the issuance of any building permit. Within the Fire District, the required amount of frontage on a recognized road is two-hundred feet. Before applying for a subdivision, Mr. Welling contacted the Town's planning department to determine the status of Pojac Point Road and whether it provided him with the necessary frontage for the proposed new lot.
While it appears that Pojac Point Road has existed on the property since the Fire District was created in 1950, the Town's solicitor informed Mr. Welling that the road did not appear on the Town engineer's plan and road map. Thus, according to the Town, the proposed new lot would not have any frontage on a recognized road and it would therefore be impossible for Mr. Welling to obtain a building permit to construct a house on the lot. However, the Town solicitor told Mr. Welling that he could apply to the Planning Commission for approval to extend Pojac Point Road to provide the necessary two-hundred feet of frontage for his proposed subdivision.
Mr. Welling then contacted the Town's planning department to request an informal meeting to discuss extending Pojac Point Road. Respondents represent that Mr. Welling appeared before the Planning Commission on May 7, 2002, for this informal discussion. Mr. Welling later submitted a copy of a road plan that had been prepared by David Gardiner, a registered professional land surveyor. After reviewing Mr. Welling's submissions, the planning department determined that it was necessary to hold a public hearing on the application. *Page 4 
The Planning Commission held a public hearing on January 7, 2003, at which it took testimony and considered documentary evidence. The Planning Commission eventually approved the requested extension of Pojac Point Road in a decision dated July 16, 2003. This decision was appealed by certain abutters, who contended that the decision was invalid because Mr. Welling failed to provide proper notice of the meeting to abutting neighbors. The parties resolved that appeal by stipulation, agreeing that the Planning Commission would invalidate its approval and hold a new, properly noticed hearing.[1]
The Planning Commission held its second public hearing on March 22, 2004, at which the Planning Commission took no action and instead continued the matter to its May 4, 2004, meeting. Before that meeting took place, Respondents Brian Stainken and Marsha DuPree sent a letter to the Planning Commission dated April 25, 2004, that indicated they had purchased the property on October 31, 2003, and were joining in Mr. Welling's application.
On May 4, 2004, the Planning Commission held a public hearing and took testimony and considered certain materials that had been submitted to it. Mr. Welling testified that Pojac Point Road had actually run through the entirety of his property since before the creation of the Fire District. According to Mr. Welling, the Planning Commission would not be voting to approve additional construction on Pojac Point Road, but rather would only be recognizing what had existed for years and allowing him to use the existing road to establish the necessary frontage.
Mr. Welling's testimony regarding the location of the road and the length of time that it had been on his property was corroborated by several of his neighbors. Peggy Smith — a neighbor residing within the Fire District — also testified that the road had been located on the *Page 5 
property, and had been used as a road, since at least 1979. David Rickard, who lives at 61 Pojac Point Road, told the Planning Commission that the official road map was not correct because, if Pojac Point Road existed in reality as it was shown on the map, then the road would run through his kitchen. Joyce Ruppell testified that she had lived at 49 Pojac Point Road since 1988 and that Pojac Point Road ran across that property when she first moved in, and that it had been used continuously as a road for as long as she had lived within the Fire District. Finally, Bill Goodhue testified that he bought the property located at 57 Pojac Point Road fifty years prior to the Planning Commission's hearing in 2004 (approximately 1954). Mr. Goodhue stated that the section of Pojac Point Road that Mr. Welling proposed to use as frontage has always been maintained as a road since he bought his house fifty years ago. The testimony from various neighbors was not contested or rebutted by any other witness or evidence before the Planning Commission.
At the conclusion of the hearing the Planning Commission voted to approve the application in a unanimous vote. Petitioners thereafter appealed to the Board, alleging that the Planning Commission had made numerous errors. The Board held a public hearing and voted to affirm the Planning Commission's approval of Mr. Welling's application. The Board filed its initial written decision on August 11, 2004, as well as a "Corrected Decision" on August 24, 2004.
This timely appeal followed.
 Standard of Review
Rhode Island General Laws 1956 § 45-23-71 provides this Court with the specific authority to review decisions of a town zoning board sitting as the board of appeals from decisions of the town planning board. Under § 45-23-71(c), this Court has the power to affirm, *Page 6 
reverse or remand a decision of the board of appeals. In conducting its review, "[t]he court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact." Section 45-23-71(c). This Court may reverse or modify the board of appeals' decision
 (c) . . . if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Id.
Thus, this Court is not permitted to conduct a de novo review of a decision of a town's board of appeals. Munroe v. Town of EastGreenwich, 733 A.2d 703, 705 (R.I. 1999). This Court must not "consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Id. Instead, this Court must limit its review to "a search of the record to ascertain whether the board's decision rests upon `competent' evidence or is affected by an error of law."Id. (quoting Kirby v. Planning Board of Review of Middletown,634 A.2d 285, 290 (R.I. 1993)). Additionally, § 45-23-71(c) requires the Court to conduct its review of the proceedings before a municipality's planning board or planning commission — not the board of appeals — in determining whether the decision of the planning board is supported by competent or substantial evidence.
Competent evidence is functionally equivalent to the term "substantial evidence." Town of Burrillville v. R.I. State Labor Rels. Bd.,921 A.2d 113, 118 (R.I. 2007). Substantial evidence *Page 7 
is relevant evidence that a reasonable person would accept as adequate to support the board's conclusion and amounts to "more than a scintilla but less than a preponderance." Pawtucket Transfer Operations, LLC v.City of Pawtucket, 944 A.2d 855, 859 (R.I. 2008) (quoting Caswell v.George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)). In short, a reviewing court may not substitute its judgment for that of the board of appeals if it "can conscientiously find that the board's decision was supported by substantial evidence in the whole record."Mill Realty Assocs. v. Crowe, 841 A.2d 668, 672 (R.I. 2004) (quoting Apostolou v. Genovesi, 120 R.I. 501, 509, 388 A.2d 821, 825
(1978)). While the appellate court must defer to an administrative agency's determination of the facts, its resolution of a question of law is reviewed de novo. Johnston Ambulatory Surgical Associates. v.Nolan, 755 A.2d 799, 805 (R.I. 2000).
Rhode Island General Laws 1956 § 45-23-70, in turn, establishes the standard of review that the board of appeals must apply when reviewing planning commission decisions. That statute provides, in pertinent part, that
 (a) . . . the board of appeal shall not substitute its own judgment for that of the planning board . . . but must consider the issue upon the findings and record of the planning board. . . . The board of appeal shall not reverse a decision of the planning board . . . except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record. Section 45-23-70(a).
Thus, just as this Court's review of the board of appeals' decision is highly circumscribed, so too is the board of appeals required to afford deference to decisions made by the town's planning commission.
 Analysis
The parties initially disagree as to the specific standard of review that this Court is to apply in considering this appeal. Respondents urge this Court to apply the standards set forth in *Page 8 
§ 45-23-71, while Petitioners contend that § 45-24-69 is controlling here. After examining the sections at issue, this Court finds that the standards are not identical and could conceivably lead to differing results when applied to the same set of facts. Therefore, this Court considers the determination of the proper standard of review to be a threshold issue which must be addressed first. As intimated above, this Court ultimately agrees with Respondents and finds that § 45-23-71 is controlling.
Respondents would have this Court look to the Subdivision and Development Review Act, § 45-23-25 et seq. to determine the proper scope of judicial review. Respondents argue that this case had its inception in an appeal to the Board from a Planning Commission decision. Respondents point out that § 45-23-66 specifically provides that an appeal from a decision of a municipality's planning board or commission may be taken to the zoning board of review sitting as the board of appeals. Respondents also posit that the Subdivision and Development Review Act is applicable because it encompasses not only subdivision activity, but also land development projects and development plan review. See § 45-23-27. Because the Ordinance's requirements for approval of road extensions in the Fire District are set forth within its Subdivision Regulations, Respondents argue that review of those requirements is properly entrusted to the Planning Commission. Under Respondents' view, further review of Planning Commission action involving the Subdivision Regulations is obtained by reference to the relevant sections of the Subdivision Development Review Act.
In rejoinder, Petitioners argue that the Board's August 24, 2004, decision affirming the Planning Commission's approval of Respondents' road extension request must be reviewed pursuant to § 45-24-69 of the Zoning Enabling Act. According to Petitioners, the Board is empowered "[t]o hear and decide appeals in a timely fashion where it is alleged there is an error *Page 9 
in any order, requirement, decision or determination made by an administrative officer or agency in the enforcement or interpretation of this chapter. . ." Section 45-24-57(1)(i). Because — under Petitioners' view — the Board conducted its own review of the Planning Commission's decision pursuant to § 45-24-57, it follows that further judicial review before this Court is governed by § 45-24-69. Responding to Respondents' contentions, Petitioners argue that §§ 45-23-70 and 45-23-71 are inapposite as they apply only to "certain expressly enumerated cases involving subdivision of land, land development projects and development plan review," (Reply Brief of the Petitioners at 4) and it is manifest that the instant case does not involve a subdivision application.
To resolve this issue, the Court first notes that, in general, aggrieved parties may appeal decisions of a zoning official or agency to the Board under § 45-24-57 when there is an error alleged in "any order, requirement, decision or determination" of a zoning official or agency. Section 45-24-57(1)(i) (emphasis added). However, the provisions of the Subdivision Review Act — rather than those of the Zoning Enabling Act — apply to the subdivision of land as defined in § 45-23-32, land development projects under § 45-24-47 and development plan review under § 45-24-49. Section 45-23-27(a). The Subdivision Review Act further provides that an aggrieved party may take an appeal from a decision of the planning commission to the zoning board of review sitting as the board of appeals. Section 45-23-66.
After considering the provisions of both chapters, this Court finds that the Subdivision Review Act, limited as it is to clearly delineated activities or proposed activities, is more specific than the general provision allowing an appeal of "any" decision to the zoning board of review found in § 45-24-57 of the Zoning Enabling Act. Therefore, the appeal process delineated in the Subdivision Review Act — and not the one provided in the Zoning Enabling Act — is applicable *Page 10 
where a planning commission has made a decision involving the subdivision of land, land development projects or development plan review. See Warwick Hous. Auth. v. McLeod, 913 A.2d 1033, 1036-1037
(R.I. 2007) ("When a specific statute conflicts with a general statute, our law dictates that precedence must be given to the specific statute."). In effect, the appeal process in the Subdivision Review Act essentially serves as an exception to the more general appeals provided for in the Zoning Enabling Act. Thus, the task before this Court is to determine whether the issue at hand — the Planning Commission's approval of a road extension in the Fire District — falls within that exception.
As already noted above, § 45-23-66 provides that "[l]ocal regulations adopted pursuant to this chapter [the Development Review Act] shall provide that an appeal from any decision of the planning board . . . may be taken to the board of appeal by an aggrieved party." The Town's Subdivision Regulations explicitly state that they have been adopted pursuant to the authority delegated to it by the Development Review Act. Subdivision Regulations § 1.1.[2] Of particular relevance to this appeal, the Subdivision Regulations empower the Planning Commission to grant or withhold approval of applications for road extensions within the Fire District.[3] Subdivision Regulations § 4.2. In accordance with § 45-23-66, the Subdivision Regulations further provide that an appeal from a decision of the Planning Commission is to be taken to the Board sitting as the board of appeals. Subdivision Regulations § 11.3.
Thus, when the Petitioners appealed the Planning Commission's approval of the Respondents' application for a road extension to the Zoning Board, it heard that appeal in its *Page 11 
capacity as the board of appeals pursuant to § 45-23-66 of the Subdivision Review Act and Subdivision Regulations § 11.3. Therefore, this Court finds that judicial review of the Board's August 24, 2004, decision affirming the Planning Commission's approval of Respondents' application to extend Pojac Point Road must be in accordance with § 45-23-71 of the Subdivision Review Act.
Having disposed of this threshold issue, the Court now considers the more substantive arguments raised by the parties. Petitioners first argue that the issues presented have already been decided by another Justice of this Court in a prior declaratory judgment action involving the same parties. Petitioners also contend that the Planning Commission erred in granting the extension both because the Respondents did not fulfill all of the procedural requirements established in the Ordinance, and because the application was not supported by expert testimony. Finally, Petitioners urge this Court to find that the Board's decision affirming the Planning Commission may not stand because it did not contain adequate findings of fact.
Respondents, on the other hand, argue that the Order entered in the earlier declaratory judgment action only requires them to receive approval to extend Pojac Point Road from both the Fire District and the Planning Commission. According to Respondents, this approval can be obtained in any order. Respondents also argue that a review of the record demonstrates that they have, in fact, met all of the applicable procedural requirements in the Ordinance. Furthermore, Petitioners contend that expert testimony was unnecessary given the nature of the application before the Planning Commission. Finally, Respondents state that this Court is required to review the factual findings made by the Planning Commission rather than those of the Zoning Board. The Court shall address these issues seriatim. *Page 12 
As pointed out by the Petitioners, a declaratory judgment action involving many of the same parties to the instant appeal has previously been filed with this Court. That case has been docketed as WC-2004-0281 (the "declaratory judgment action"). The declaratory judgment action requested several declarations, including one to the effect that any road extension in the Fire District requires the approval of both the Planning Commission and the Fire District itself.
According to Petitioners, the Order entered in the declaratory judgment action requires Respondents to obtain approval for a road extension from the Fire District prior to making an application before the Planning Commission. Because it is uncontested that Respondents have not in fact received approval from the Fire District, Petitioners contend that the Planning Commission was without authority to grant a road extension. Respondents, however, argue that the declaratory judgment only requires them to receive approval from both the Fire District and the Planning Commission; it does not specifically state that the Fire District approval must occur first.
A copy of the Amended Order Granting Plaintiffs' Motion for Summary Judgment has been submitted as an exhibit to this appeal. The Order states that
 no private road in the Pojac Point Fire District may be created, constructed or extended until such time as it has been approved by a majority vote of the Pojac Point Fire District members at a legal meeting of the Pojac Point Fire District. Thus, the North Kingstown building official, in accordance with the Town of North Kingstown zoning ordinances, would not issue a building permit for a structure requiring road frontage unless and until the road providing the frontage has been created, constructed or extended with the approval of the Pojac Point Fire District as aforesaid.
Contrary to Petitioners' assertions, the Court finds that the plain language of the Order quite clearly does not require Respondents to receive Fire District approval prior to seeking road extension approval from the Planning Commission. Nor does the Amended Order circumscribe *Page 13 
or limit the authority of the Planning Commission's authority in any way, despite Petitioners' arguments to the contrary.
Rather, the Amended Order simply states that the Fire District must approve the extension of any creation, construction, or extension of a road to be used for frontage purposes before the Town's building official may issue a building permit within the Fire District. Thus, a landowner is required to seek and receive the approval of both the Fire District and the Planning Commission before he or she may create, construct, or extend any road within the Fire District.[4] A landowner's winning approval for a road extension with the Planning Commission prior to the Fire District is in no way inconsistent with the Amended Order.
Based on the foregoing, the Court finds that Fire District approval is required in addition to the Planning Commission approval required by the Ordinance. Thus, there is no merit to Petitioners' position that the Amended Order abrogated the Planning Commission's authority to approve an application to extend a private road within Pojac Point.
Petitioners next argue that the Planning Commission erred in granting the application to extend Pojac Point Road because Respondents failed to meet all of the procedural requirements contained within this Ordinance. Respondents were required to receive approval from the Planning Commission pursuant to Ordinance § 21-37, which provides as follows:
 (b) General provisions. No building permit shall be issued for the construction of any building on any lot located within the Pojac Point residential district until it has been established to the satisfaction of the building inspector that the lot has the frontage required by table 2A of article IV, chapter 21 of the Code measured along that portion of a private road that: *Page 14 
 (1) Was in actual existence on May 29, 1979, and which provided on such date primary means of access to and egress from three or more existing lots then recorded as such; or
 (2) Has been approved by the planning commission in accordance with section 17-112 of the Code.
Note that the Planning Commission approval contemplated by Ordinance § 21-37(b)(2) is not governed by the Ordinance, but by Chapter 17, Section 112 ("Code § 17-112") of the Code of Town Ordinances, entitled "Streets and Sidewalks."
Code § 17-112 provides that:
 (a) An application for approval of a private road within the Pojac Point Fire District must be made or joined in by the legal owner of that part of the road for which approval is requested and shall contain:
 (1) Plans drawn no smaller than one inch to 100 feet showing that part of such road along which the frontage required by section 21-37 could be measured and all of the lots for which such frontage could be measured if the application were approved.
 (2) The details and specifications of any proposed road construction or improvements, including grades, elevations, provision for drainage and materials to be used.
 (3) Information as to the legal ownership of that part of such road covered by the application and the documents, existing or proposed, conveying or to convey to the present and future owners of each lot for which the frontage required by section 21-37(3) could be measured along such road a right to pass over such road and roads connected thereto from such lot to a public road as a primary means of access to and egress from such lot to such public road.
 (b) The planning commission may approve such application, with or without modifications or conditions, after a public hearing thereon, due notice of which shall be given by the applicant at least ten days in advance of the hearing to the director of public safety, the town engineer the secretary of the Pojac Point Fire District, and the owners of property within 200 feet of any lot for which the frontage required by section 21-37 could be measured along such road if the application were approved. Notice of such public hearing shall include a complete copy of the application and be by certified mail, return receipt requested. Approval of an application shall be granted only when the planning commission is satisfied that such road conforms, or after improvement or construction will *Page 15 
conform, to reasonable standards as established, from time to time, by the town engineer.
 (c) A decision of the planning commission approving a private road under this article shall include a plan of that part of such road as is approved by such decision, together with any conditions of such approval and shall be recorded in the office of the town clerk.
Petitioners first contend that Respondents did not submit detailed plans of their proposed road extension as required by Code § 17-112(a)(1), but only provided the Planning Commission with a hand-drawn map of the property and the proposed road. The Respondents' position is contradicted by the record before the Court. Specifically, the Planning Commission's May 18, 2004, decision granting Respondents' application for a road extension lists the documents considered by the Planning Commission. The decision states that one of these documents is a "Roadway Plan prepared by David D. Gardner Associates. . . ." A copy of that Roadway Plan has been submitted to this Court. (Respondents' Memorandum of Law, Exhibit 10.) Examination of the Roadway Plan reveals that it is not a hand-drawn sketch of the property, but instead appears to meet the criteria required of submissions by Code § 17-112(a)(1).[5] Thus, the Court finds Petitioners' contention that Respondents submitted only a hand-drawn sketch of the area to be without merit.
Somewhat more troubling is Respondents' contention that the Planning Commission improperly relied upon testimony adduced before it at the hearing held on January 7, 2003, which Mr. Welling later recognized as invalid because of his failure to provide proper notice to all abutters. Respondents' assertion that the Planning Commission relied upon the January 7, 2003, testimony is supported by the record; the Planning Commission's May 18, 2004, decision explicitly states that it considered the minutes from its January 7, 2003, hearing. In considering this argument, the Court first notes that the determination that the January 7, 2003, hearing was a *Page 16 
nullity because of Mr. Welling's failure to provide proper notice was arrived at not through judicial review, but by the agreement of the parties. Nonetheless, the Court shall assume without deciding that the hearing was not properly noticed and, therefore, void, rendering any action taken a nullity.
Because this Court has assumed that the Planning Commission's January 7, 2003, hearing was improperly noticed, it follows that the Planning Commission's reference to the testimony adduced at that hearing as a basis for its May 18, 2004, decision, constitutes an error of law. This is because abutting property owners were deprived of their statutory right to attend the hearing, challenge the evidence offered by the Respondents, and present their own rebuttal evidence. By referencing the invalid January 7, 2003, hearing in its May 18, 2004, decision, the Planning Commission erroneously revived that which was void or, in essence, a dead letter.
Nonetheless, comparison of the minutes from the January 7, 2003, hearing to a subsequent hearing on May 4, 2004, reveals that this error was harmless. According to the minutes from January 7, 2003, Mr. Welling and Mr. Paul Mihailides both spoke in favor of the application. Mr. Welling testified that Pojac Point Road had already existed for many years and that he merely needed the Planning Commission's approval to use Pojac Point Road as frontage. Mr. Mihailides appears to have had no personal knowledge of the length of time that the road existed. As already discussed, similar testimony was adduced at the later hearing on May 4, 2004. See Facts Travel, supra at 4-5. In fact, the May 4, 2004, testimony on this subject was not only much more extensive than that given on January 7, 2003, it was also corroborated by several neighbors. Significantly, this testimony went unchallenged and not a single objector testified differently as to the length of time that Pojac Point Road had existed upon the property. Thus, this Court is satisfied that the Planning Commission's reference to the invalid January 7, *Page 17 
2003, hearing constitutes harmless error because it received the same evidence at its properly noticed hearing on May 4, 2004.
Turning to the Petitioners' complaint that the application for a road extension was not supported by expert testimony, it is enough for this Court to note that "there is no talismanic significance to expert testimony." Restivo v. Lynch, 707 A.2d 663, 671 (R.I. 1998). Expert testimony is only required when a particular subject is so "arcane" that the testimony of a lay person would have no probative force.Id.; see also Salve Regina College v. Zoning Board of Review ofNewport, 594 A.2d 871, 882 (R.I. 1991) (reaffirming that lay testimony as to the effect of a proposed use on neighboring property values or its impact on traffic has no probative force). However, even in a case where expert testimony is required to provide evidence as to the effect of a proposed use on surrounding properties, lay testimony "describing physical facts and conditions" has been held to constitute competent evidence. Restivo, 707 A.2d at 671.
Here, the issue before the Planning Commission related to the nature and location of Pojac Point Road at different points in time. Mr. Welling and several of his neighbors testified at the Planning Commission's public hearing that Pojac Point Road had run across the property for many years and that it had always been used as a road. This Court finds that such testimony constituted competent evidence of the physical facts and conditions found on the property and allowed the Planning Commission to infer that it was actually recognizing — and thereby allowing to be used for frontage purposes — a road that had already existed. Accordingly, expert testimony as to the physical location and age of the road was not required, and Petitioners' argument to the contrary is without merit.
Finally, Petitioners contend that the Zoning Board's decision must be reversed because it contains inadequate findings of fact. This argument is fatally flawed because it is derived from *Page 18 
the premise that judicial review of this matter is obtained pursuant to § 45-24-69. This Court has instead determined that its review is governed by the provisions of the Development Review Act. When considering an appeal from the Planning Commission, the Zoning Board is not authorized to make its own findings of fact, but is bound to "consider the issue upon the findings and record of the planning board." Section 45-23-70. When considering an appeal from a Planning Commission decision, the Zoning Board is not afforded the authority to take new evidence and render its own findings of fact. Compare § 45-23-70(a) (allowing the Zoning Board to reverse a decision of the Planning Commission only upon a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record)with § 45-23-71(b) (allowing this Court to permit the introduction of new evidence and expand the record upon which its decision shall be made).[6] Therefore, this Court finds that the Zoning Board acted properly and in accordance with its statutory mandate by reviewing the record adduced before the Planning Commission rather than issuing its own findings of fact.
 Conclusion
Based on all of the foregoing, the August 24, 2004, decision of the Zoning Board affirming the Planning Commission's May 18, 2004, decision to grant Respondents' request to extend Pojac Point Road is affirmed. This Court finds that the Planning Commission's decision was supported by competent evidence and that the Planning Commission acted within its statutory authority. Although the Court is troubled by the Planning Commission's reference in its May 18, 2004, decision to its improperly noticed hearing on January 7, 2003, the Court is satisfied that such error was harmless as the same evidence was re-elicited at its subsequent *Page 19 
meeting on May 4, 2004. This Court further finds that the Zoning Board correctly determined that the Planning Commission's May 18, 2004, decision was supported by the weight of the evidence and that the Planning Commission did not commit clear error or prejudicial procedural error in granting Respondents' request. Substantial rights of the Petitioners have not been prejudiced.[7]
Counsel for Respondents shall submit an appropriate order for entry in accordance with this Decision on or before October 8, 2008.
[1] The copy of the stipulation provided to this Court, while stating that certain abutters were not properly notified of certain hearings, makes no specific mention of the January 7, 2003, hearing as being improperly noticed. However, Respondents have not contested Petitioners' factual assertions. Thus, this Court will accept the representations of Petitioners' counsel as to the date of the improperly noticed hearing.
[2] One of the enumerated purposes of the Subdivision Regulations is to "secure a well-articulated street and highway system." Subdivision Regulations § 1.2.
[3] The fact that these provisions appear in the Subdivision Regulations indicates that the Town considers the extension of roads in the Fire District to involve the subdivision of land, land development projects or development plan review. Petitioners have not argued that the Town lacks the authority to make such a determination or that these provisions are improperly included within the Subdivision Regulations.
[4] The Court is not now required to determine the consequences of a landowner's attempt to extend a road with only the approval of the Planning Commission and without having received the Fire District's approval as that factual situation is not before the Court. The Court, therefore, declines to speculate as to the potential outcome in such a scenario.
[5] As Petitioners have elected not to mention the existence of this Roadway Plan, they have not argued that the Roadway Plan does not adequately fulfill the requirements of Code § 17-112.
[6] The travel of this very case serves to illustrate the difference between the authority granted to the Zoning Board and this Court: this Court granted Respondents' Motion for Leave to Present Additional Evidence Before the Superior Court on April 3, 2008. The Zoning Board, in conducting its own review, has no authority to entertain or grant a similar motion.
[7] Note that this Decision is limited to a review of the actions taken by the Planning Commission and the Zoning Board. Nothing within this Decision is to be construed to suggest that the parties are not also bound by the Order entered in their separate declaratory judgment action.